# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL THOMAS HALL, )<br>1904 3rd Street, NE )<br>Washington, D.C. 20019 )<br> )<br>      Plaintiff, )<br> )<br>    v. )<br> )<br>CHIEF KATHY LANIER, )<br>Metropolitan Police Department )<br>300 Indiana Ave., NW )<br>Washington, D.C. 20001 )<br>Individually and in his official capacity )<br> )<br>and )<br> )<br>METROPOLITAN POLICE DEPARTMENT, )<br>300 Indiana Ave, NW )<br>Washington, D.C. 20001 )<br> )<br>and )<br> )<br>DISTRICT OF COLUMBIA, )<br>441 4th Street, NW )<br>Washington, D.C. 20001, and )<br>1350 Pennsylvania Ave, NW )<br>Washington, D.C. 20004 )<br> )<br>and )<br> )<br>OFFICER JOSE FREEMAN, )<br>OFFICER BENSON WYTCH, )<br>of the Metropolitan Police Department )<br>Individually and in their official capacity )<br>5th District Police Station )<br>1805 Bladensburg Road, NE )<br>Washington, D.C. 20019 )<br>and )<br>an Unknown Officer )<br> )<br>And )<br> )<br>OTHER UNNAMED OFFICERS ) | Civil Action No.: |

| | |
|---|---|
| **Metropolitan Police Department** | ) |
| **Individually and in their official capacity** | ) |
| **300 Indiana Ave., NW** | ) |
| **Washington, D.C. 20001** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## NOTICE OF REMOVAL OF ACTION

COMES NOW defendant District of Columbia, by and through counsel, Steven J. Anderson, and pursuant to 28 U.S.C. 1441(b) and 1446, and notifies the Court of the removal of the above-captioned action filed in the Superior Court of the District of Columbia, Civil Action No. 07-0276 on January 1, 2007. Paragraphs 1 and 2, and Counts IV and VII in plaintiff's complaint (Civil Rights Violation), allege that defendant violated plaintiff's federal rights. These paragraphs bring actions pursuant to 42 U.S.C. Sections 1983 and 1985(2) and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution (See attached complaint).

The ground for removal is that the complaint asserts, *inter alia*, causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" which are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). Specifically, paragraphs 1 and 2, and Counts IV and VII allege violations of Federal law.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this court pursuant to 28 U.S.C. §1441(b) and 1446 and the Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded." 28 U.S.C. §1446(d).

                Respectfully submitted,

                LINDA SINGER
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE

Deputy Attorney General, Civil Litigation Division

*Phillip Lattimore/sga*
PHILLIP LATTIMORE
Chief, General Litigation Section III


*Steven J Anderson*
STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail: Steve.anderson@dc.gov


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 24 day of May, 2007, that a copy of the foregoing Notice of Removal of Action was mailed postage prepaid to:

Melodie V. Shuler, Esq.
1717 K Street, NW, Ste. 600
Washington, D.C. 20036

*Steven J Anderson*
Steven J. Anderson
Assistant Attorney General

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Joel Thomas Hall                                )
                                                )
        VS.                                     )
                                                )
CHIEF ~~CHARLES RAMSEY~~ Kathy Lanier           )   Case No. 2007-CA-000726 B
Metropolitan Police Department                  )
300 Indiana Ave., N.W.                          )
Washington, DC 20001                            )
Individually and in his official capacity       )
                                                )
and                                             )
                                                )
Metropolitan Police Department                  )
300 Indiana Ave., N.W.                          )
Washington, DC 20001                            )
                                                )
and                                             )
                                                )
DISTRICT OF COLUMBIA,                           )
441 4th Street, N.W.                            )
Washington, DC 20001 and                        )
1350 Pennsylvania Ave N.W.                      )
Washington, DC 20004                            )
Serve: Mayor Anthony Williams                   )
And Attorney General For the District of        )
Columbia,                                       )
                                                )
and                                             )
                                                )
Officer Jose Freeman                          , )
Officer Benson Wytch                          , )
of the Metropolitan Police Department           )
individually and in                             )
their official capacity                         )
5th District Police Station                     )
1805 Bladensburg Road N.E.                      )
Washington, DC 20019                            )
and                                             )
an Unknown Officer                              )
                                                )
and                                             )
                                                )
OTHER UNNAMED OFFICERS                          )
Metropolitan Police Department                  )
individually and in                             )
their official capacity                         )

RECEIVED
Civil Clerk's Office
JAN 3 0 2007
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

Joel Thomas Hall, Plaintiff files this claim against the Defendants, the District of Columbia, Chief Charles Ramsey, the District of Columbia Metropolitan Police Department, and Officer White, Officer Freeman and several District of Columbia Metropolitan Police Officers.

### I.   Jurisdiction

1. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983; Civil Rights Act, 42 U.S.C. § 1985(2); the laws of the District of Columbia, particularly §§ 12-301 and 12-309, § 5-113.01 and the common law.

2. On November 15, 2006, Plaintiff, pursuant to D.C. Code §12-309 provided written notice to Defendant, the District of Columbia, of his intent to sue based on the incident which is the basis of the complaint, Attachment A, attached to this complaint, is a true copy of this notice.

3. Venue is placed in the District of Columbia because that is where the Defendants are employed and where the events complained of occurred.

### II.   PARTIES

4. Plaintiff is now, and at all times relevant to this claim, has been a resident of the District of Columbia.

5. Defendants Officer White, Officer Freeman and the unknown Metropolitan Police Department Officers, who are sued in their individual and official capacities is now, and was at all relevant times, officers of the District of Columbia Metropolitan Police Department.

6. Defendant, Chief Charles Ramsey, who is sue in his individual and official capacities is now, and was at all relevant times, Chief of the District of Columbia Metropolitan Police Department. Chief Ramsey has ultimate supervisory responsibility for the District of Columbia Metropolitan Police Department

7. At all times relevant to this action, the Defendant Police Officers and Chief were acting under color of law under their authority Police Officers of the District of Columbia, and under color of the statutes, ordinances, regulations customs and usage of the District of Columbia.

8. Defendant, the District of Columbia, is a municipality that owns, operates, manages, directs, and controls the District of Columbia Police Department (hereinafter "MPD) and is being sueded for the unlawful actions of the MPD.

9. Defendant, the MPD is the law enforcement agency of the District of Columbia and is being sued for the unlawful actions of the MPD Officers and Chief Ramsey's supervisory duties.

### III. STATEMENT OF FACTS

10. Plaintiff, Joel Thomas Hall ("The Plaintiff), is a 19-year old college student, who has never been in trouble with the law resides in Washington, D.C. Several Officers repeatedly subjected Mr. Hall to repeated threats of bodily injury and harassment, from November of 2005 to November of 2006.

11. Various times when Mr. Hall sat in front of the apartment building he lives in or walked down the street members of The MPD would subject Mr. Hall to repeated threats of bodily injury and harassment by several individuals from November 0f 2005 to November of 2006.

12. The MPD never witnessed Mr. Hall commit or attempt to commit any crime. Yet, for some unknown reason several officers of the MPD continuously stop Mr. Hall to question him about why he was outside of his home, commanded him not to speak or he would face the consequence of being arrested and told to go inside his home.

13. On November 15, 2006, at approximately 8:50 p.m., Joel Hall, was knocking on the corner store door at 4th and T Street N.E.. Officer Welch, Officer Freeman, and one other unknown Officer approached Mr. Hall telling him the store was closed while flashing a light into his face.

14. On November 15, 2006, the MPD officers grabbed both hands of Mr. Hall, threw him on the ground, then while Mr. Hall was still on the ground one of the MPD officers banged Mr. Hall's head against the concrete alley ground.

15. The MPD officers removed Mr. Hall's photo-identification card. They arrested Mr. Hall for no apparent charge. Threaten that they could have beaten Mr. Hall like the Mexican man was beaten in a widely publicized case in Los Angelos California. It was after Mr. Hall stated that his sister was an attorney that the MPD officers then asked Mr. Hall if he wanted to go to the hospital. He replied that he did not. Mr. Hall was then released from custody.

### IV. FIRST CAUSE OF ACTION

**Civil Rights Claims under 42 U.S.C. § 1983**

16. Plaintiff hereby reasserts paragraphs 1 – 15 of this complaint, through fully set forth here.

17. The Officers deprived Mr. Hall of his right to liberty without due process of law, in violation of the Fourteenth and Fifth Amendments when the Officers of the MPD took his photo-identification card and never returned it.

18. Members of the MPD Officers, Chief Charles Ramsey, the District of Columbia and the MPD discriminated against the Plaintiff on the basis of his sex and race in violation equal protection when Officer Welch, Officer Freeman and one unknown police officer assaulted, battered, falsely arrested, unnecessarily detained, threaten to inflict bodily harm upon the Plaintiff and never returned his photo-identification card.

19. The MPD Officers, Chief Charles Ramsey, the District of Columbia, Officer Welch, Officer Freeman, one unknown MPD officer and several unknown MPD officers deprived Mr.

Hall without probable cause of her right to be secured in his person against unreasonable seizures in violation of the Fourth Amendment.

   a. On Several occasions from November 2005 to November 2006, several officers of the Metropolitan Police Department searched Mr. Hall and removed his photo-identification from his wallet. Mr. Hall was not detained based on any justifiable legal reason.
   b. On November 15, 2006, Officer White, Officer Freeman, and one unknown officer arrested the Mr. Hall knowing that they did not have any lawful basis to do so.
   c. On November 15, 2006, Officer White, Officer Freeman, and one unknown officer unnecessarily detained the Mr. Hall knowing that they did not have any lawful basis to do so.

20. On November 15, 2006, Officer White, Officer Freeman and one unknown MPD officer's use of excessive force deprived the Plaintiff of the right to be secure in his person against unreasonable seizures, in violation of the Fourth Amendment.

21. On November 15, 2006, the Officer White, Officer Freeman and one unknown MPD officer's conduct deprived Mr. Hall of his right to peacefully express his views in a public forum, in violation of the First Amendment.

   a. From November 2005 to November 2006, Members of the MPD Officers, Chief Charles Ramsey, the District of Columbia and the MPD violated the Plaintiff's 1st Amendment Right to free speech when he was told that if he did not refrain from talking he would be arrested.
   b. On November 15, 2006, Officer White, Officer Freeman and one unknown MPD officer, Chief Charles Ramsey, the District of Columbia and violated the Plaintiff's 1st Amendment Right by committing a battery upon him, assaulting him and falsely arresting him and further unnecessarily detaining him for no other reason than they disagreed with his constitutionally protected speech.

22. At all times, Defendant MPD officers:

   a. wore the uniform of the District of Columbia MPD;
   b. used the resources and property of the MPD;
   c. were on active duty as Officers of the MPD;
   d. acted under their authority as officers of the MPD; and
   e. acted under color of law, statutes, ordinance, regulation, custom and usage of the District of Columbia.

23. MPD officers knew and intended or should have known that their acts would violate Mr. Hall's constitutional rights.

24. Mr. Hall, is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violations of his constitutional and civil rights.

25. Mr. Hall is further entitled to punitive damages to punish the MPD officers for their knowing and intentional misconduct in violation his constitutional rights.

## SECOND CAUSE OF ACTION

### Assault

26. Plaintiff hereby reasserts paragraphs 1- 25 of this complaint, as though fully set forth here.

27. On November 15, 2005, the Plaintiff was assaulted by Officers Wilch, Freeman and one unknown police officer when he saw the officers arrest him.

28. On November 15, 2005, the Plaintiff was assaulted by Officers Wilch, Freeman and one unknown police officer when the MPD officers placed the Plaintiff in imminent fear of bodily harm by stating that they could beat him like the Mexican was beat in a highly publicized case in Los Angelos, California.

## VI.     THIRD CAUSE OF ACTION

### Battery

29. Plaintiff hereby reasserts paragraphs 1- 28 of this complaint, as though fully set forth here.

30. On November 15, 2005, the Plaintiff was assaulted by Officers Wilch, Freeman and one unknown police officer when the MPD Officers grabbed both his arms and hands while pushing him against a gated fence.

31. On November 15, 2005, the Plaintiff was assaulted by Officers Wilch, Freeman and one unknown police officer when the MPD Officers grabbed Mr. Hall and threw him on a concrete alley pavement on the ground. The Plaintiff suffered several injuries including but not exclusive to his shoulder, arms, knees, legs, thighs, and ankles.

32. On November 15, 2005, the Plaintiff was assaulted by Officers Wilch, Freeman and one unknown police officer when the MPD Officers slammed Mr. Hall's head unto a concrete alley pavement on the ground. The Plaintiff suffered several injuries to his head, forehead and including but not exclusive to his shoulder, arms, knees, legs, thighs, and ankles.

33. On November 15, 2005, the Plaintiff was battered by several members of the MPD when he was handcuffed. MPD officers engaged in harmful and offensive contact of the Plaintiff when he was handcuffed. The Plaintiff suffered injuries to both his wrists and hands as a result of being handcuffed.

## VII.    FOURTH CAUSE OF ACTION

### Conspiracy 42 U.S.C. § 1985(2)

34. Plaintiff hereby reasserts paragraphs 1- 33 of this complaint, as though fully set forth here.

35. On November 15, 2006, Officer Wilch, Officer Freeman and on unknown officer of the MPD Officers, Chief Charles Ramsey, the District of Columbia and one unknown officer conspired to falsely arrest the Plaintiff, the District of Columbia and Chief Ramsey were aware that MPD officers have a practice and custom of falsely arresting individuals for

filing false reports and were aware of false reports filed by Officer's in conspiracy to violate the rights of individuals, including the Plaintiff to protect themselves and other Officers from individuals wishing to redress violations of their rights.

## VIII. FIFTH CAUSE OF ACTION

### Negligence – Police Officers

36. Plaintiff hereby reasserts paragraphs 1- 38 of this complaint, as though fully set forth here.

37. Officer Witch, Officer Freeman and other unknown officer of the MPD, during the course and scope of their employment by the District of Columbia, negligently cause the assault and battery of the Plaintiff on November 16, 2006. The officers had a continuous duty to exercise due care in the arrest and detention of the Plaintiff to ensure that he was not subjected to unnecessary injury.

38. Defendants breached their duty of due care and negligently caused injury to the Plaintiff.

   a. On November 15, 2006, Office Witch, Officer Freeman and one unknown police officer committed negligence during the arrest and detainment of the Plaintiff when the officers grabbed both of the Plaintiffs arms and hands while pushing him against a gated fence.

   b. On November 15, 2005, Office Witch, Officer Freeman and one unknown police officer committed negligence during the arrest and detainment of the Plaintiff when the MPD officers grabbed Mr. Hall and threw him on a concrete alley pavement on the ground. The Plaintiff suffered several injuries including but not exclusive to his shoulder, arms, knees, legs, thighs, and ankles, and damage to his watch.

   c. On November 15, 2005, Officer Witch, Officer Freeman and one unknown police officer committed negligence during the arrest and detainment of the Plaintiff when the MPD officers slammed Mr. Hall's head unto a concrete alley pavement on the ground. The Plaintiff suffered several injuries to his head forehead The Plaintiff had pain and suffering as the result of his head being slammed to the concrete alley pavement on the ground.

39. As a result of the Officer's actions, the Plaintiff suffered and continues to suffer from pain, emotional distress, and psychological trauma.

40. The Plaintiff is therefore entitled to recover money damages to compensate for his medical expenses, pain, suffering, and emotional distress which the MPD officers negligently inflicted upon him.

## IX. SIXTH CAUSE OF ACTION

### Respondeat Superior – District of Columbia, the Metropolitan Police Department and Chief Charles Ramsey

41. Plaintiff hereby reasserts paragraphs 1- 40 of this complaint, as though fully set forth here.

42. On or before November, 2005, the District of Columbia, the Metropolitan Police Department, and Chief Ramsey were under a duty to properly train, supervise, investigate and correct improper actions of MPD officers to prevent deprivations of the Plaintiff's constitutional and civil rights and to prevent the Plaintiff from being subjected to harassment assaults, battery, false arrests and detainments.

43. The District of Columbia's, the MPD's and Chief Ramsey's disregard for the rights of others, in particular those of the Plaintiff, was the direct and proximate cause of the substantial and severe injuries the Plaintiff sustained.

44. As a result, the District of Columbia's, the MPD, and Chief Ramsey's failure to act, the Plaintiff suffered from pain and suffering, emotional trauma, extreme humiliation and deprivation of his constitutional and civil rights.

## X. SEVENTH CAUSE OF ACTION

### Negligent Training and Supervision - District of Columbia, the Metropolitan Police Department and Chief Charles Ramsey

45. Plaintiff hereby reasserts paragraphs 1- 44 of this complaint, as though fully set forth here.

46. The District of Columbia, Chief Charles Ramsey, and the MPD failed to supervise and properly train MPD Officers and the Defendant Officers to prevent the assault and battery of the Plaintiff which was an intentional and/or reckless disregard of his rights.

47. The District of Columbia, Chief Charles Ramsey, and the MPD failed to supervise and properly train MPD Officers and the Defendant Officers to prevent the harassment of the Plaintiff which was an intentional and/or reckless disregard of his constitutional, civil and common law rights, or to prevent conversion and damage of his property.

48. The District of Columbia, Chief Charles Ramsey, and the MPD failed to supervise and properly train MPD Officers and the Defendant Officers to prevent the false arrest and false detainment of the Plaintiff and the intentional and/or reckless disregard of his constitutional, civil, and common law rights.

49. As a result of the Defendant Officers' intentional and/or reckless acts, the Plaintiff suffered physical injuries, and continues to suffer severe emotional distress.

50. The Plaintiff is therefore, entitled to monetary damages to compensate him for his emotional injury.

51. The Plaintiff is further entitled to an award of punitive damages to punish the Officers for their willful and malicious and/or reckless misconduct toward him.

## XI. EIGHTH CAUSE OF ACTION

### Intentional Inflection of Emotional Distress

52. Plaintiff hereby reasserts paragraphs 1- 51 of this complaint, as though fully set forth here.

53. From November of 2005 through November of 2006, several officer of the MPD harassed the plaintiff for no other reason than sitting in front of his home and walking down the street. This caused the Plaintiff to experience extreme stress, anxiety and nervousness anytime he left his home and/ or was approached by any officer of the MPD.

54. On November 15, 2006, the Plaintiff was assaulted and battered by Officers White, Officer Freeman, and one unknown officer which caused him extreme stress, anxiety and nervousness.

55. On November 15, 2006, the Plaintiff was falsely arrested and unnecessarily detained by Officer White, Officer Freeman, and one unknown officer which caused him extreme stress, anxiety, and nervousness

### XII.   56. NINTH CAUSE OF ACTION

### Defamation, Libel and Slander

56. Plaintiff hereby reasserts paragraphs 1- 55 of this complaint, as though fully set forth here.

57. Officer White, Officer Freeman and one unknown officer defamed the character of the Plaintiff by making false statements that they had a legal basis to arrest and detain the plaintiff which was an untrue statement. That statement clearly when heard ruins the character and reputation of the Plaintiff. The District of Columbia, Chief Charles Ramsey and the MPD were aware that MPD officers have a practice and custom of filing false reports and were aware of false reports filed by MPD officers in conspiracies to violate the rights of individuals and has fail to prevent further occurrence of this illegal conduct.

### XIII.   TENTH CAUSE OF ACTION

### Conversion

58. Plaintiff hereby reasserts paragraphs 1- 57 of this complaint, as though fully set forth here.

59. On November 15, 2006, Officer White, Officer Freeman, and one unknown officer took the Plaintiff's District of Columbia issued photo-identification card and never returned it.

### XIV.   ELEVENTH CAUSE OF ACTION

### Excessive detain Harassment, False Arrest

60. Plaintiff hereby reasserts paragraphs 1- 59 of this complaint, as though fully set forth here.

61. From November 2005 to November 0f 2006, Officers of the MPD subjected the Plaintiff to harassment when the MPD officers repeatedly questioned the Plaintiff when he sat in front of him home or walked down the street.

62. From November 2005 to vember of 2006, Officers of the MPD jected the Plaintiff to harassment when the MPD officer repeatedly told the Plaintiff that he had to go home for no apparent reason.

63. On November 15, 2006, Officer Witch, Officer Freeman, and one unknown MPD officer subjected the Plaintiff to harassment when the MPD officer falsely arrested the plaintiff and unnecessarily detained the Plaintiff.

64. On November 15, 2006, Officer Witch, Officer Freeman, and one unknown MPD officer subjected the Plaintiff to harassment when the MPD officers persisted in stating that there are worst things they could have done to the Plaintiff. The Plaintiff was told by one of the MPD officers that the MPD officers could have done him like the police officers did a Mexican in a widely publicized case in Los Angelos, California.

## XV.   TWELFTH CAUSE OF ACTION

### Denial of Medical Care

65. Plaintiff hereby reasserts paragraphs 1- 67 of this complaint, as though fully set forth here.

66. On November 15, 2006, the Plaintiff was denied medial care when police officer caused clearly visible injuries to the Plaintiff's bleeding forehead and did not immediately transport him to the hospital

**WHEREFORE**, Plaintiff, Joel Thomas Hall, hereby sues Defendants the District of Columbia, the Metropolitan Police Department, Chief Charles Ramsey, Officer Witch, Officer Freeman, one unknown police officer, and other several unknown MPD Officers, and claims the sum of:

1.} pecuniary damages to fully compensate Plaintiff for medical and psychiatric treatment necessitated by Defendant's acts;

2.} ~~pecuniary~~ damages in excess of $25 million dollars, two and 2 half million dollars.

3.} punitive damages in the amount to be determined by the court;

4.) attorney's fees per 42 U.S.C. §1983: and

5.) any other relief which this court decides is necessary in the interest of justice.

### XX. Jury Demand

Plaintiff demand trial by a jury of persons on all issues triable by jury.

Respectfully submitted,

Dated this 26th day of January, 2007

*Melodie V. Shuler, Esq.*

Melodie V. Shuler, Esq.
Bar Number 488686

1717 K Street N.W., Suite 600
Washington, DC 20036
202-~~257-3294~~ 294-9857
melodieshuler@yahoo.com

## Claim Against The District Of Columbia
### Claimant: JOEL THOMAS HALL
### Page One

**JOEL THOMAS HALL** presents a claim for damages against the District of Columbia, Metropolitan Police Department, Chief of Police, Charles Ramsey, Metropolitan Police Department, OFFICER WITCH BADGE NUMBER OFFICER FREEMAN AND OTHER UNNAMED OFFICERS. #3617

**Claimant's Address:** 1904 3rd Street N.E., Washington, DC 20019

**Date of Occurrence:** November 15, 2006.

**Approximate time of Occurrence:** About 8:50 p.m.

**Place of Occurrence:** 4th and T Street N.E.

**Cause and circumstances of the injury and damage:**

On November 16, 2006, at approximately 8:50 p.m., Joel Hall, was knocking on the corner store door. Officers Witch, Officer Freeman, and one other unknown Officer approached Mr. Hall telling him the store was closed while flashing a light into his face.

The Officers told Mr. Hall to get against a fenced gate. Mr. Hall complied. One officer grabbed his right hand. The second officer grabbed his left hand. The Third officer then swung Mr. Hall around. Mr. Hall fell upon the ground. One of the officers held down the arm of Mr. Hall, the second officer pulled Mr. Hall arm very far up in the air, then the third officer banged Mr. Hall's head onto the alley pavement. At all times Mr. Hall was completely compliant.

Mr. Hall was handcuff and arrested for an unknown charge. Mr. Hall was questioned by the officers and eventually told the officer that his sister was an attorney and in a house nearby. Then for some unknown reason the officers decided to allow Mr. Hall to go home. But before they released him the officers reminded Mr. Hall that they could have beat him up like officers beat up a man recently in a case that has been widely

Attachment A

Claim Against The District Of Columbia
Claimant: JOEL THOMAS HALL
Page Two

publicized.

The officers also took Mr. Hall's District of Columbia photo-identification card and has never returned his photo-identification card. Mr. Hall's watch was damaged. Mr. Hall was subjected to repeat harassment and detainments.

Dated: ~~November 16, 2006~~ January 30, 2007

Signed: Melodie Shuler, Esq.     Melodie V. Shuler, Esq.
1717 K Street N.W., Suite 600
Washington, DC 20036
202-~~237-3~~ 2241-5897

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Joel Thomas Hall

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

District of Columbia, et. al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES...

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Melodie V. Shuler
1717 K. Street, NW, Suite 600
Washington, D.C. 20036

Case: 1:07-cv-00970
Assigned To : Walton, Reggie B.
Assign. Date : 5/24/2007
Description: Other Civil Rights

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☒ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC § 1466(d)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 5/23/07   SIGNATURE OF ATTORNEY OF RECORD   Steven J Anderson 334480

5/24/07

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

JTC

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.