UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL THOMAS HALL, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   Case No. 1:07 CV 00970 |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|       Defendants. | ) |
| | ) |

**DEFENDANTS CATHY LANIER, THE METROPOLITAN POLICE DEPARTMENT, THE DISTRICT OF COLUMBIA AND OFFICER FREEMAN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants District of Columbia, Cathy Lanier, the Metropolitan Police Department, and Officer Jose Freeman,[1] (hereinafter "District Defendants") by and through undersigned counsel file the following answer to plaintiff's amended complaint (hereinafter "Complaint"):

**FIRST DEFENSE**

Plaintiff's complaint fails to state a basis upon which relief can be granted.

**SECOND DEFENSE**

Answering the numbered paragraphs in plaintiff's Complaint District Defendants respond as follows:

Jurisdiction

1. This paragraph states plaintiff's legal conclusions and requires no response.

2. Defendants admit that plaintiff attempted to satisfy the notice requirements of D.C. Code § 12-309 as alleged, but denies that these attempts satisfied § 12-309.

---
[1] Officer Venson Wytch has not been properly served.

3. Admitted.

## Parties

4. Defendants lacks adequate information to admit or deny these allegations. If an answer is required, the allegation is denied.

5. Defendants admit that Ofc. Wytch and Ofc. Freeman are officers employed by the MPD. Plaintiff's remaining allegations are denied.

6. Defendants admit that Charles Ramsey was formerly the chief of police and that Cathy Lanier is the current chief of police. The remaining allegations in plaintiff's complaint are denied.

7. This paragraph includes plaintiff's legal conclusion and requires no response. If a response is required, the allegations are denied.

8. Defendants admit that the District of Columbia ("District") is a municipal corporation. The remaining allegations are plaintiff's legal conclusions and require no response. If a response is required, the allegations are denied.

9. Defendants admit that the Metropolitan Police Department is part of the District of Columbia government. Plaintiff's remaining allegations are denied.

## Statement of the Facts

10. Defendants lack adequate information to admit or deny these allegations. If a further answer is required, the allegations are denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendants admit that plaintiff was present at the time and place alleged.

Defendants lack adequate information to admit or deny why plaintiff was present or what he was doing. If an addition answer is required, the allegations are denied.

15-16. Defendants lack adequate information to admit or deny the allegations in this paragraph. If an addition answer is required, the allegations are denied.

17. Defendants admit that plaintiff was stopped by the named officers as alleged. The remaining allegations are denied.

18-19. Defendants admit that plaintiff was questioned about his intentions. Defendants lack adequate information to admit or deny the exact verbiage. If an additional answer is required, these allegations are denied.

20-21. Defendants admit that plaintiff was searched to insure the safety of the officers. The remaining allegations are denied.

22-23. Defendants admit that plaintiff was handcuffed. The remaining allegations are denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants admit that plaintiff was questioned about his intentions, the remaining allegations are denied.

28. Denied.

29. Denied.

30. Defendants lack adequate information to admit or deny these allegations.

31. Defendants deny that plaintiff was arrested as well as the remaining allegations.

32. Defendants lack adequate information to admit or deny these allegations.

33. Defendants lack adequate information to admit or deny these allegations.

34. Defendants admit that plaintiff's criminal records were checked, but deny the remaining allegations.

35. Defendants lack adequate information to admit or deny these allegations.

36. Defendants admit that plaintiff informed the officers present that he did not want or need medical care. The remaining allegations are denied.

37. Defendants admit that plaintiff went to the 5th MPD precinct and lodged a complaint over his treatment. Defendants lack adequate information to admit or deny the remaining allegations. If an additional answer is required, the allegations are denied.

38. Defendants admit that plaintiff asked to be taken by ambulances to a hospital while at the at the 5th MPD precinct. Defendants further admit that plaintiff was taken to Providence Hospital.

39. Denied.

40. Denied.

41. Denied.

"First cause of action"

42. Defendants repeat and re-alleges its responses to the allegations in above.

43. Denied.

44. (a)-(k) Defendants lack adequate information to admit or deny the allegations in these paragraphs as the allegations are too vague for the Defendants to respond. If an additional answer is required, the allegations are denied.

(k) Defendants admit that plaintiff was stopped, questioned and release on November 15, 2006 by Ofc. Freeman and Wytch. The remaining allegations are denied.

(l)  Defendants lack adequate information to admit or deny the allegations in this paragraph as the allegations.  If an additional answer is required, the allegations are denied.

(m) Defendants lack adequate information to admit or deny the allegations in this paragraph.  If an additional answer is required, the allegations are denied.

45. Denied.

46. Denied.

47. Denied.

48. Plaintiff's allegation that "at all times" certain circumstances existed is vague and overly board.  Accordingly, this allegation is denied.

49.  Denied.

50.  Denied.

51.  Denied.

"Second cause of action"

52.  Defendants hereby incorporate and re-allege their responses to the allegations above.

53.  Denied.

54. Denied.

55. Defendants lack adequate information to admit or deny the exact exchange between plaintiff and the officers involved.  If an additional answer is required the allegations are denied.

56. Defendants admit that plaintiff was not arrested as alleged.  The remaining allegations are denied.

57. Denied

58. Defendants admit that plaintiff was briefly handcuffed while police officers investigated the situation. The remaining allegations are denied.

59. Denied.

60. Denied.

61. Denied.

62. Plaintiff's allegation that "at all times" certain circumstances existed is vague and overly board. Accordingly, this allegation is denied.

63. Denied.

64. Denied.

65. Denied.

"Third cause of action"

66. Defendants hereby incorporate and re-allege their responses to the allegations above.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Plaintiff's allegation that "at all times" certain circumstances existed is vague and overly board. Accordingly, this allegation is denied.

72. Denied.

73. Denied.

74. Denied.

"Fourth cause of action"

75. Defendants hereby incorporate and re-allege their responses to the allegations above.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

"Fifth cause of action"

83. Defendants hereby incorporate and re-allege their responses to the allegations above.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Defendants lacks adequate information to admit or deny these allegations. If an additional response is required the allegations are denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Plaintiff's allegation that "at all times" certain circumstances existed is vague and overly board. Accordingly, this allegation is denied.

95. Denied.

96. Denied.

97. Denied.

"Sixth cause of action"

98. Defendants hereby incorporate and re-allege their responses to the allegations above.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Plaintiff's allegation that "at all times" certain circumstances existed is vague and overly board. Accordingly, this allegation is denied.

109. Denied.

110. Denied.

"seventh cause of action"

111. Defendants hereby incorporate and re-allege their responses to the allegations

above.

112-116.  Plaintiff's allegation that certain events occurred during the period "June 2004 to March 2007" is so vague that defendants cannot response, therefore, these allegations are denied.

117.  Plaintiff's failure to indicate where the event alleged occurred make it impossible for defendants to investigate these allegations.  Accordingly, these allegations are denied.

118.  Plaintiff's failure to indicate a date more specific that "June of 2005" and a place other than "River Terrace, a neighborhood in NE" are so vague that Defendants cannot investigate these allegations.  Therefore, these allegations are denied.

119.  Denied.

120.  Denied.

121.  Denied.

122.  Denied.

123.  Denied.

124.  Denied.

125.  Plaintiff's failure to indicate where the incident alleged occurred makes it impossible for the Defendants to investigate the incident alleged.  Therefore, these allegations are denied.

127.  Denied.

128.  Denied.

129.  Denied.

130.  Plaintiff's allegation that "at all times" certain circumstances existed is vague

and overly board. Accordingly, this allegation is denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

"Eight cause of action"

136. Defendants hereby incorporate and re-allege their responses to the allegations above.

137. Denied.

138. Plaintiff's allegation that "at all times" certain circumstances existed is vague and overly board. Accordingly, this allegation is denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

"Ninth cause of action"

146. Defendants hereby incorporate and re-allege their responses to the allegations above.

147. Denied.

148. Denied.

149. Denied.

150. Plaintiff's allegation that "at all times" certain circumstances existed is vague and overly board. Accordingly, this allegation is denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

"Ninth cause of action" (II)[2]

155. Defendants hereby incorporate and re-allege their responses to the allegations above.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

"Tenth cause of action"

163. Defendants hereby incorporate and re-allege their responses to the allegations above.

164. Denied.

165. Denied.

166. Denied.

---

[2] Plaintiff's complaint includes two "ninth" causes of action. The second is designated as "II."

167. Denied.

168. Denied.

169. Denied.

170. Denied.

"Eleventh cause of action"

171. Defendants hereby incorporate and re-allege their responses to the allegations above.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Defendants lacks information to admit or deny this allegation. If an additional answer is required the allegation is denied.

183-184. These allegations state plaintiff's legal conclusions and require no answer. If an answer is required, the allegations are denied.

185. Denied.

186. Denied.

187. Denied.

"Twelvth (sic) cause of action"

188. Defendants hereby incorporate and re-allege their responses to the allegations above.

189. This paragraph states plaintiff's legal conclusions to which no answer is required.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

"Thirteeth (sic) cause of action"

195. Defendants hereby incorporate and re-allege their responses to the allegations above.

196. Defendants admit that plaintiff was handcuffed on the date alleged, but deny that he was arrested.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

"Fourteenth cause of action"

203. Defendants hereby incorporate and re-allege their responses to the allegations above.

204. Defendants lacks adequate information to admit or deny the allegations. If an additional answer is required, the allegations are denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

"Fifteenth cause of action"

213. Defendants hereby incorporate and re-allege their responses to the allegations above.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. This paragraph includes plaintiff's legal conclusions to which not answer is required. If a response is required, the allegations are denied.

220. Denied.

221. Denied.

222. Defendants lack adequate information to admit or deny. If an additional response is required, the allegations are denied.

223. Defendants lack adequate information to admit or deny. If an additional response is required, the allegations are denied.

224. Denied.

225. Defendants lack adequate information to admit or deny. If an additional response is required, the allegations are denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

"Sixthteeth cause of action"

230. Defendants lack adequate information to admit or deny. If an additional response is required, the allegations are denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236-237. Denied.

<b><u>THIRD DEFENSE</u></b>

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action

against defendants District pursuant to 42 U.S.C. § 1983, *et seq.*

### FOURTH DEFENSE

The actions of District Defendants were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### FIFTH DEFENSE

The actions of District Defendants and its employees, engaged in the scope of employment, were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by the defendant District's employees, engaged in the scope of employment, may have been the result of privilege.  Plaintiff's claims against the individual defendants is barred by the doctrine of qualified immunity. In addition, the actions of District Defendants and its agents are protected by the discretionary governmental function doctrine.

### SIXTH DEFENSE

The actions of District Defendants complied with all applicable laws and met or exceeded all applicable standards of care.  Plaintiff's complaint fails to allege facts to support his recovery from Defendants based on negligence.  Rather, plaintiff's facts as alleged only establish intentional torts.

### SEVENTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

### EIGHTH DEFENSE

If plaintiff was injured and damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of

the risk.

## NINTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

## TENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by his failure to satisfy the notice requirements of D.C. Code § 12-309.

## TWELFTH DEFENSE

The District of Columbia is not liable for the actions of employees, not engaged in the scope of employment.

## THIRTEENTH DEFENSE

The Metropolitans Police Department is *non sue juris.*

## FOURTEENTH DEFENSE

Plaintiff's complaint fails to properly allege a conspiracy. Plaintiff's conspiracy claim is barred by Intercorporeal Immunity Doctrine.

## FIFTEENTH DEFENSE

Plaintiff's defamation and slander claims are barred by his failure to allege publication or specific damages.

## SET-OFF

Defendant District of Columbia claims a set-off for any and all funds paid to

Plaintiff by Medicaid or other forms of public assistance.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____

        PHILLIP LATTIMORE
        Chief, General Litigation Section III

        _____

        STEVEN J. ANDERSON
        Assistant Attorney General
        Bar no. 334480
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6607
        (202) 727-3625 (fax)
        E-mail:  Steve.anderson@dc.gov

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY on this 8th day of August 2007, that a copy of the foregoing Answer was mailed postage prepaid to pro se plaintiff at the following address:

Joel Thomas Hall
1904 3rd Street, NE
Washington, D.C. 2002

        _____
        Steven J. Anderson
        Assistant Attorney General