UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL THOMAS HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:07 CV 00970(RBW) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT METROPOLITAN POLICE DEPARTMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Metropolitan Police Department, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(c) hereby moves this Court for a judgment on the pleadings. A Memorandum of Points and Authorities in support of this Motion and a proposed Order are attached hereto.

Pursuant to LCvR 7(m), counsel for Defendant attempted to contact Plaintiff numerous times at phone number listed by Plaintiff in complaint. However, this is a non-working phone number. Defendant assumes, therefore, that this motion is opposed by Plaintiff.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Attorney General, Civil Litigation Division

_____
PHILLIP A. LATTIMORE III

1

Chief, General Litigation Section III

_____
STEVEN J. ANDERSON
Assistant Attorney General
Bar no. 334480
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607
(202) 727-3625 (fax)
E-mail:  Steve.anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL THOMAS HALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>_____) | Case No. 1:07 CV 00970(RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT METROPOLITAN POLICE DEPARTMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Metropolitan Police Department, by and through undersigned counsel, respectfully submits this memorandum of points and authorities in support of its motion for a judgment on the pleadings.

*Plaintiff's Complaint Allegations*

In the Complaint, the plaintiff alleges that from 2004 to 2007, "several MPD Officers repeatedly subjected [him] to … threats of bodily injury, assaults, battery, illegal detainments, illegal searches and seizures and violations of his right to free speech, as well as other U.S. constitutional violations and infringements of other rights guaranteed to him under the laws and statutes of the District of Columbia." Complaint ¶ 11.

Plaintiff also alleges that on that on November 16, 2004, an MPD Officer grabbed plaintiff's arm with excessive force and made a verbal threat of bodily injury to plaintiff. Complaint ¶ 44a.

Then in May of 2005, on an unspecified date, plaintiff alleges that he was made to wait, sitting on his knees, for a witness identification, near Union Station for 45 minutes,

3

though he was not involved in the crime.  Complaint ¶ 44b.

Plaintiff also alleges that in June of 2005, on an unspecified date, he was detained by several MPD Officers and had to wait sitting on the curb, handcuffed, while MPD Officers searched plaintiff and his friends.  After plaintiff told MPD Officer Lynch not to make his friend sit on the area of the curb where broken glass was present, that MPD Officer knocked a hat off plaintiff's head and kicked his legs open while he was searching him for weapons.  Complaint ¶ 44c.

Further, Plaintiff alleges that on "various times from 2004-2006, an unknown 6th District MPD Officer repeatedly [and] illegally detained, searched and seized [plaintiff] and required [plaintiff] to display his photo-identification card."  Complaint ¶ 44d.

On July 20, 2006, plaintiff alleges that he was told to leave a public park while it was daylight and not return, otherwise he was threatened he would be arrested.  Plaintiff alleges that the Officer commanding him to leave and told plaintiff he suspected plaintiff was selling drugs.  Complaint ¶ 44e.

Plaintiff alleges that on several occasions in August of 2006, on unspecified dates, while sitting in front of his apartment, he was commanded by MPD Officers to go inside.  He also alleges that MPD Officers detained him in front of his apartment complex and requested photo-identification to ascertain if he lived in the dwelling in front of which he was standing. Complaint ¶¶ 44f-h.

On September 14, 2006, plaintiff alleges that an MPD Officer grabbed his arm and threatened to give him a ticket because his photo-identification card was frayed at the bottom  The MPD Officer, as plaintiff alleges, also the officer also threaten to strip search plaintiff and send him home naked.  Complaint ¶ 44i.

Plaintiff also alleges that in October of 2006, two MPD Officers prevented him from going outside of an apartment building by asking him questions and demanding answers. Complaint ¶ 44j.

On November 15, 2006, Plaintiff alleges that as he was knocking on the door to a store located at 4th and T Streets, Northeast when MPD Officers Wytch and Freeman and an a third unknown officer grabbed both his hands, threw him to the ground, and banged his head on the concrete alley. Id. ¶¶ 14, 20-25. Plaintiff claims he was falsely arrested and then released, that the officers kept his photo identification card, and damaged his watch worth $200. Id. ¶ 28, 31, 34, 76.

On March 1, 2007, plaintiff alleges that while he was walking to a store, he was asked by three MPD Officers where he lived, where he was going, and for his photo-identification card. Plaintiff alleges that he was compelled to speak to the officers against his will. Complaint ¶44l.

Finally, plaintiff alleges that on March 4, 2007, an MPD Officer told plaintiff to pick up a piece of garbage, after plaintiff threw the item into a garbage can and missed. Plaintiff was required to show his photo-identification card to the Officer. Complaint ¶ 44m.

On this basis, plaintiff seeks compensation from defendants based on violations of his Constitutional rights[1], battery, assault, conspiracy, negligence, negligent training and supervision, intentional infliction of emotional distress, defamation, libel, slander, false arrest, denial of medical care and abuse of process.

### *Standard of Review*

The legal standard for a motion for judgment on the pleadings under Rule 12(c) . . .

---

[1] This matter was removed from D.C. Superior Court because it raises issues under federal law.

*Argument*

**The Metropolitan Police Department is *Non Sui Juris***

Plaintiff's complaint names the Metropolitan Police Department as a defendant. ("MPD") Complaint ¶ 9. It is well-settled in this jurisdiction that, "in the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable separate entities." Kundrat v. D.C., 106 F.Supp.2d 1, 7 (D.D.C. 2000) (internal citation omitted). As stated by the court in Kundrat, "[b]oth this court and the local courts of the District of Columbia have consistently applied this rule to dismiss claims against governmental agencies or departments of the District of Columbia." Kundrat, 106 F.Supp.2d at 5.

Among the subordinate agencies that have been found to be *non sui juris,* is the MPD. Aleotti v. Baars, 896 F.Supp 1, 6 (D.D.C. 1995); Hinton v. Metro. Police Dept., Fifth Dist., 726 F.Supp.2d 91, 94 (D.D.C. 2005). Because the MPD is a department or body within the District of Columbia, and because there is no statutory provision specifically authorizing the MPD to be sued in its own name, plaintiff's claims against the MPD should be dismissed as no relief could be obtained from this defendant under any set of facts.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE VALENTINE
    Deputy Attorney General
    General Litigation Division

    PHILLIP A. LATTIMORE, III [422968]

Chief, General Litigation Sec. III

_____ _____ _____
STEVE ANDERSON [334480]
Assistant Attorney General
General Lit Division, Section III
Office of the Attorney General
441 4th Street NW, 6th Floor South
Washington, DC 20001
(202) 724-6607

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL THOMAS HALL, )<br>)<br>      Plaintiff, )<br>) <br>      v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>      Defendants. )<br>_____) | Case No. 1:07 CV 00970(RBW) |

**<u>ORDER GRANTING DEFENDANT DEFENDANT METROPOLITAN POLICE DEPARTMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Upon consideration of the Defendant's Motion for Judgment on the Pleadings, any opposition thereto, and the facts and law considered, it is hereby,

ORDERED: that the District's Motion for Judgment on the Pleadings is

GRANTED.

The Metropolitan Police Department is dismissed as a defendant.

So ORDERED this _____ day of _____, 2007.

_____
The Honorable Reggie B. Walton
U.S. District Court Judge

Copies to:

Steven J. Anderson
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001

Joel T. Hall
1904 3rd Street, NE
Washington, D.C. 20019

Case 1:07-cv-00970-RBW    Document 9    Filed 08/24/2007    Page 9 of 9