CLERK
US DISTRICT & BANKRUPTCY
COURTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA 2007 DEC 28 PM 6: 11

RECEIVED

|  |  |  |
|---|---|---|
| JOEL THOMAS HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV 00970(RBW) |
| | ) | |
| DISTRICT OF COLUMBIA, *et at.,* | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT VENSON'S WYTCH MOTION
TO DISMISS FOR IMPROPER SERVICE**

**AND**

**REQUEST FOR ENLARGEMENT OF TIME FOR SERVICES OF SUMMONS,
COMPLAINT, AND INTIAL ORDER AND AMEDNED COMPLAINT ON
UNSERVED DEFENDANTS IF THIS COURTS FINDS SERVICE IMPROPER
PURSUANT TO § 5-105.09 OF THE DC CODE**

Defendant Ofc. Venson Wytch's moved pursuant to Fed.R.Civ.P.12(b)(5),

4(e)(2) and 4(m) to dismiss the Complaint against him based on not being properly

served with the Summons, Initial Order and Complaint. Plaintiff does not have to

personally served Officer Venson Wytch to effect proper service pursuant to § 5-105.09

of the DC Code.[1]  Mr. Hall has diligently attempted to effect personal service on Officer

Venson Wytch, a Metropolitan Police Officer, who admits that he has knowledge of the

complaint and has received the complaint but refuse to follow the statutory provisions

---

[1] § 5-105.09. Service of process provides that "[n]o later than 60 days following March 6, 2007, the Chief
of Police, pursuant to subchapter I of Chapter 5 of Title 2, shall issue rules establishing a procedure for
service of process upon sworn members of the Metropolitan Police Department for actions arising out of
the performance of their duties. The rules shall include the following: (1) A process whereby the sworn
member is notified that service of process is being attempted on him or her; (2) A process for notifying a
process server and the public of a specific time and place where service will be made; (3) The designation
of one or more offices, at the command level or the department's general counsel, where service shall be
accepted on behalf of the sworn member, and (4) The discipline to be meted out against any sworn member
who avoids service of process.

which provides that MPD Ofc. Wytch must cooperate or be disciplined. Yet the MPD

Officer, Ofc. Wytch vehemently refuses to accept service of process.

**Pursuant to the law of the District of Columbia in which this District Court is located and where service was effected, for the service of the complaint, initial order and summons upon Ofc. Wytch, Ofc. Wytch must designation a place where service of process can be effected or the general counsel of the District of Columbia is the default office that can be served pursuant to § 5-105.09(3) of the DC Code .**

§ 5-105.09(3) of the DC Code provides that MPD Officers must provide an

alternative to personal service of process by a "designation of one or more offices, at the

command level or the department's general counsel." Mr. Hall has already properly

served Ofc. Venson Wytch through the general counsel of the District of Columbia and if

Ofc. Wytch has failed to designate another office than Ofc. Wytch has already been

properly served. SCR Rule (4) provides that service may be effected by mailing a copy

of the summons, complaint and initial order to the person to be served by registered or

certified mail, return receipt requested. On March 19, 2007, Mr. Hall effected serve

upon Ofc. Wytch when pursuant to § 5-105.09(3) of the DC Code the District of

Columbia Office of Attorney General received the Complaint, Summons and Initial

Order by certified mail. *See Attachments 1.*

**Pursuant to the law of the District of Columbia in which this District Court is located and where service was effected, for the service of the complaint, initial order and summons upon Ofc. Wytch, Ofc. Wytch must designation a place where service shall be accepted on behalf of himself as a sworn member of the MPD and when Mr.**

**Delaney attempted to effect service upon Ofc. Wytch MPD Officer Montanez**
**acknowledge the designation was proper and in fact accepted service on behalf of**
**Ofc. Wytch.**

The version of Rule 4 of the Federal Rules of Civil Procedure that governs service
of process at provides three methods of serving an individual defendant. Service of
individuals is governed by Rule 4(e), which authorizes service of process "pursuant to the
law of the state in which the district court is located, or in which service is effected, for
the service of a summons upon the defendant in an action brought in the courts of general
jurisdiction of the State." Fed.R.Civ.P. 4(e).

As a Metropolitan Police Department, Ofc. Venson Wytch has a duty to follow all
of the statutes under the District of Columbia law. Mr. Hall, the plaintiff, has diligently
attempted to serve Ofc. Wytch with the compliant, summons and initial order. However,
because Ofc. Wytch has vehemently failed to follow the statutes of the District of
Columbia Mr. Hall has been unable to personally serve Ofc. Wytch. After, the American
Civil Liberties Union convinced the D.C. Council that MPD Officers routinely and
consistently evade service of process when plaintiff's attempt to serve the officers with
process of service, the D.C. Council enacted a § 5-105.09. § 5-105.09 requires MPD
Officers to cooperate with plaintiffs, like Mr. Hall, who seek to serve them with process
of service for incidents arising during their employment as MPD Officers.

Mr. Hall knowing of the statute attempted to comply with Fed.R.Civ.P. 4(e)
which provides that service of process may be accomplished pursuant to the law of the
state in which the district court sits when he sent Mr. Melvin Delaney, the process server

to the 5th District Metropolitan Police Headquarters to effect service pursuant to § 5-105.09 of the District of Columbia code upon Ofc Venson Wytch. Mr. Delaney told Ofc. Huberto Monantez that he wanted to either personally serve Officer Venson Wytch or find out who was designated to accept service of process on behalf of Ofc. Venson Wytch. Ofc. Monantez told Mr. Delaney that he was designated to accept service on behalf of Ofc. Wytch and indeed accepted serve of process.   Now, Ofc. Wytch claims that he did not authorize anyone to accept service of process on his behalf.

Mr. Hall does not have a copy of the internal documentation of who is authorized to accept service on behalf of Ofc. Wytch.  Mr. Hall can only rely on the representation of the members of the MPD when he requests to serve the person or office designated to accept service on behalf of Ofc. Wytch.  Mr. Hall was not at fault when he relied on the false representation of MPD Ofc. Montantnez that he was designated to accept service on behalf of Ofc. Wytch.

Mr. Hall requests a hearing to determine whether or not service was properly effected because the question exists as to who is the person designated to accept service on behalf of Ofc. Wytch pursuant to § 5-105.09.  If Ofc. Monantez is the person designated to accept service on behalf of Ofc. Wytch pursuant to § 5-105.09 the service was proper pursuant to Fed.R.Civ.P. 4(e) and the Court can deny Ofc. Wytch motion for dismissal.

4

**Although, it is clearly contrary to the District of Columbia law for MPD Officers to avoid service of process, Ofc. Venson's Wytch admits in his Affidavit that he has notice of this instant case yet he continues to evade service of process for this claim and relies on his violations of the law to ask this court to dismiss this instant action against himself when Ofc. Venson Wytch, the District of Columbia or the MPD can simply follow the law pursuant to § 5-105.09 of the District of Columbia Code to effect service of process.**

Ofc. Wytch and the District of Columbia demands that this case be dismissed for failure to properly serve Ofc. Venson Wytch because the plaintiff did not comply with the this Court order to serve Ofc. Wytch by November 29, 2007. However, it was because of Ofc. Wytch's evasion of process and his fellow co-worker, Ofc. Monantez misrepresentation that he was the person designated to accept service and also accepted service that he relies on no being properly served. Ofc. Venson Wytch admits in his affidavit that he was notified by a co-worker (who he fails to name) that "there was a package waiting for me at the Fifth District." *See Attachment 2.* Paragrapgh *5 of Ofc. Wytch Affidavit*. Ofc. Wytch then in *Paragraph 6* acknowledges that "I picked up a package a day later and it was paperwork about the above-captioned case" referring to this instant case.

To sum up Ofc. Wytch's Motion: 1.) He acknowledge the lawsuit raises claims where process of service is governed by § 5-105.09 which provides that the MPD must cooperate when service of process is being attempted on Ofc. Wytch or he should face discipline. As admitted on *page 3 of Ofc. Wytch's Motion,* Ofc. Wytch acknowledges that he knows that the "Plaintiff brings this civil action against the District of Colombia

5

("District") and several of its police officers, including Mr. Wytch." He continues in the following sentence, "[a]llegedly, these defendants were involved in the wrongful detention of plaintiff and the use of excessive force, *inter alia*." These two sentences admits that this cause of action is governed by § 5-105.09 which provides that MPD "shall issue rules establishing a procedure for service of process upon sworn members of the Metropolitan Police Department for actions arising out of the performance of their duties."

It is because of Ofc. Venson's Wytch evasion of process for claims arising out of the performance of his duties as a MPD Officer and the assistance he is receiving from the District of Columbia and his fellow co-worker, Ofc. Montanez, who misrepresented that he was the person designated to accept service and also accepted service that the plaintiff has had difficulty in personal serving Ofc. Wytch with process of service. Ofc. Wytch admits in his affidavit to being notified of this proceeding by receiving the complaint, summons and initial order but continues to refuse to cooperate to allow the plaintiff to properly serve him with process of service.

Under such circumstances, this Court should not dismiss Ofc. Wytch from this case and follow the rule adopted by other courts which refuse to construe service requirements "rigidly," *Jordan v. United States, 694 F.2d 833, 836 (D.C. Cir. 1982)*, and take "a liberal and flexible construction," *Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984)*, especially where a *pro se* litigant is involved, *see id. at 447 n.2*, as this approach is "sensible and necessary to prevent serious miscarriages of justice," *Id. at 447*, and consistent with the mandate to construe the rules of procedure "to promote 'the just,

6

speedy, and inexpensive determination of every action,'" *Zankel v. United States, 921 F.2d 432, 438 (2d Cir. 1990) (quoting Federal Rules of Civil Procedure (FRCP) Rule 1).*

**Officer Venson Wytch's Motion to Dismiss Based on Insufficient Service of Process Pursuant to Fed.R.Civ.P.12(b)(5), 4(e)(2) and 4(m) based on Technical noncompliance with Rule 12 and Rule 4 does not, always require dismissal and this Courts should not dismiss Ofc. Wytch, a necessary party to this case because he has actual notice of a suit and can not establish any prejudice by the technical defect in service.**

Technical noncompliance with Rule 4 does not, always require dismissal. Courts have stated, for instance, that dismissal is not always mandated where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963); Elkins v. Broome, 213 F.R.D. 273 (M.D.N.C. 2003).* It has been held that courts should allow a *pro se* litigant a certain amount of lenity that is not afforded to represented parties. *Estelle v. Gamble, 429 U.S. 97 (1976).*

This exception is in accord with the District of Columbia Circuit which refers to lenity for pro se litigants because it is sensible and necessary to prevent serious miscarriages of justice. The adoption of the exception for failure to comply with Rule 4's personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were

7

dismissed. *Borzeka, 739 F.2d at 447 (internal citations and footnote omitted) (emphases added).*

An additional consideration found by the Ninth Circuit was the fact that a *pro se* litigant was involved: "appellant was proceeding *pro se* when the defective service was made. We are generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved." *Id. at 447 n.2* (emphasis added.) [2]

Ofc. Wytch admits in his affidavit to being notified of this proceeding by receiving the complaint, summons and initial order.  Further, there has been no prejudiced to Ofc.Wytch because discovery has not begun in this instant case and no dates have been scheduled and the same attorney who represents the District of Columbia, Chief Kathy Lanier and Ofc. Jose Freeman who have all been properly served and have participated in this instant case will also represent Ofc. Venson Wytch.  Ofc. Venson Wytch simply can not validly assert any prejudice.

In addition, the MPD, the District of Columbia and the Defendant MPD Officers has delayed service of process of Ofc. Wytch by failing to follow the law of the District of Columbia pursuant to § 5-105.09.  The third unknown MPD Officer named as a defendant in this case has been difficult to serve also because the MPD, the District of Columbia and the Defendant MPD Officers have refused to identify the third MPD

---

[2] *See also Zankel*, *921 F.2d at 436-38* (adopting the four-part test enunciated in Jordan, in "that the reasons advanced for adopting such an exception are persuasive" and further noting that FRCP Rule 1 -- couched in the same language as HRCP Rule 1 -- requires the rules be construed "to promote 'the just, speedy, and inexpensive determination of every action'" (citations omitted)).  The flexible construction followed in Jordan, Borzeka, and Zankel rejecting dismissal because of a technical violation is sensible, necessary to do justice, and promotes the just, speedy, and inexpensive resolution of cases.

Officer at the scene. This is of no fault of the plaintiff and once the identity of the third

MPD Officer is discovered then it is reasonable to allow Mr. Hall the opportunity to serve

the third MPD Officer. The District of Columbia also removed this case from the D.C.

Superior Court where alternative service of leaving the summons and complaint at the

Fifth District Headquarters was previously granted by the Honorable Thomas Motely

which allowed the service affected by Mr. Hall to be proper. *Attachment 3*.

If this court finds that service was not proper as to Defendant Ofc. Wytch,

dismissal is not appropriate as to Ofc. Wytch. Ofc. Montanez told the process server that

he was designated to accept service on behalf of the Plaintiff and did in fact accept

service, Mr. Hall at least attempted to comply with the rules. Furthermore, Ofc. Wytch

clearly received actual notice of the lawsuit as he admits in his affidavit attached to his

motion to dismiss. Based on the District of Columbia Circuit 's policy of liberally

construing a *pro se* litigant's pleadings, Mr. Hall requests this Honorable Court to deny

the motion to dismiss by Defendant Ofc. Wytch based on insufficient service of process.

**Mr. Hall has clearly established good cause exists to extend the usual 120-day**

**deadline for service under Rule 4(m) of the Federal Rules of Civil Procedure and**

**would like this Honorable Court to extend service of process for at least an**

**additional 60 days**.

Rule 4(m) of the Federal Rules of Civil Procedure provides that service of a

summons and complaint must be made within 120 days of the filing of the complaint. If

service is not completed within that time, and the plaintiff has not shown good cause why

he or she failed to effect service, the district court "shall dismiss the action without

prejudice . . . or direct that service be effected within a specific time." Fed. R. Civ. P. 4(m).

The question, then, is whether good cause exists to extend the usual 120-day deadline for service under Rule 4(m) of the Federal Rules of Civil Procedure. This Court has broad discretion under Rule 4(m) to extend the time for service. Ofc. Wytch seems to suggest that the language of the statutes directs the court to dismiss the case if a plaintiff is granted an extension of time only one time based on good cause. However, Mr. Hall disagrees with this interpretation. Mr. Hall argues that if the court finds good cause it can extend time to serve a defendant. Mr. Hall argues that even if a plaintiff does not have good cause the court could extend the time for service of process. See Fed. R. Civ. P. 4 advisory committee's note, 1993 Amendments, subdiv. (m) (Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."

During the case proceeding before the District of Columbia Superior Court, Mr. Hall diligently attempted to serve Ofc.Wytch and has spent a great deal of time and money in his efforts. On May 31, 2007, Mr. Hall filed a Request for Extension of Time for Service of Summons, Complaint, and Initial Order on Unserved Defendants and Permission for Alternative Service on Verson Wytch. In the Motion Mr. Hall asserted that he hired a process server Ambiko Guice who attempted to serve Ofc. Wytch on six different dates at various times on those dates. *See Attachment 4.*

Mr. Guice stated that before going to the 5th District Headquarters to effect service upon Ofc. Wytch he was told that Ofc. Wytch was scheduled to work on those days and the times but upon Mr. Guice arrival he was informed by a MPD Officer that

Ofc. Wytch was not present. *Id.* On April 24, 2007, the Honorable Thomas Motely, issued an Order granting Mr. Halls Motion to Extend Time to Serve the Unserved Defendants and granted the Motion for Alternative Service on Defenandant Ofc. Wytch. Mr. Hall was given up to and including May 11, 2007 in which to serve the unserved defendants.

On May 10, 2007, Mr. Hall filed another Motion for Extension of Time for Services of Summons, Complaint, and Initial Order on Unserved Defendants. Mr. Hall requested the extension based on difficulty he had in serving Ofc. Wytch. *See Attachment 5.* Mr. Hall presented that he retained another process server who also had difficulties in serving Ofc. Wytch. *Id.* The Honorable Judge Motely again found good cause for the relief requested by Mr. Hall and granted Mr. Hall another extenstion of time for service upon Ofc. Wytch and allowed Mr. Hall the ability to serve Ofc. Wytch with alternative service again and further ordered that Mr. Hall had to and including July 11, 2007, to serve unserved defendants.

As the record in this case makes clear, Mr. Hall by a third process server again attempted to serve Ofc. Wytch when he hired Melvin Delaney to effect serve upon Ofc. Wytch. Melvin Delaney delivered a copy of its summons, initial order and complaint to Ofc. Montanez of the 5th District of Police Department and pursuant to § 5-105.09 Ofc. Montanze stated that he was the person designated to accept service on behalf of Ofc. Venson Wytch. This occurred on November 2, 2007. Thereafter, Ofc. Venson Wytch then waited a month later, when he could have filed a motion before the November 29, 2007 deadline to give Mr. Hall an opportunity to properly affect service.

11

Mr. Hall has clearly established good cause exists to extend the usual 120-day deadline for service under Rule 4(m) of the Federal Rules of Civil Procedure and would like this Honorable Court to extend service of process for at least an additional 60 days.

**WHEREFORE**, Mr. Hall, the plaintiff, asks this court to:

1.) **DENY** the motion to dismiss filed by Defendant Ofc. Venson Wytch pursuant to Fed.R.Civ.P.12(b)(5), 4(e)(2) and 4(m) based on insufficient service of process or any other basis he alleges,

2.) To find Ofc. Wytch as being properly served pursuant to § 5-105.09 of the D.C. Code, **OR**

3.) In the alternative **GRANT** Mr. Hall an extention of time for the service for at least 60 days, of summons and complaint upon Ofc. Wytch based on good cause, (Mr. Hall diligent efforts to serve Ofc. Wytch, Ofc. Wytch refusal to comply with the D.C. Code. Mr. Hall plans to contact Ofc. Wytch supervisor or the 5th District headquarters Administrative Office to determine the office or person designated to accept service on behalf of Officer Wytch, Mr. Hall will also attempt to request Ofc. Wytch to waive service when he receives the complaint, initial order and summons with FORM 1B Waiver of Service of Summons and Mr. Hall will attempt to personally serve Officer Venson Wytch at his home address or the 5th District Headquarters) **OR**

4.) By a Marshal or Someone Specially Appointed order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court and

5.) Grant to Mr. Hall and relieve this court deems just and proper.

Respectfully Submitted,

*Joel T. Hall*

Joel T. Hall
1360 Barnaby Terrace S.E.
Washington, D.C. 20036
202-248-3686

## Points and Authorities

1. § 5-105.09(3) of the DC Code
2. Fed.R.Civ.P.*Rule 1*Fed.R.Civ.P. 4(e)
3. Fed.R.Civ.P.4(e)(2)
4. Fed.R.Civ.P.4(m)
5. Fed. R. Civ. P. 4 advisory committee's note, 1993 Amendments, subdiv. (m) (Rule 4(m))
6. Fed.R.Civ.P.12(b)(5)
7. *Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984)*
8. *Elkins v. Broome, 213 F.R.D. 273 (M.D.N.C. 2003)*
9. *Estelle v. Gamble, 429 U.S. 97 (1976)*
10. *Jordan v. United States, 694 F.2d 833, 836 (D.C. Cir. 1982)*
11. *Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963)*
12. *Zankel v. United States, 921 F.2d 432, 438 (2d Cir. 1990)*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the PLAINTIFF'S OPPOSITION TO DEFENDANT VENSON'S WYTCH MOTION TO DISMISS FOR IMPROPER SERVICE AND REQUEST FOR ENLARGEMENT OF TIME FOR SERVICES OF SUMMONS, COMPLAINT, AND INTIAL ORDER AND AMEDNED COMPLAINT ON UNSERVED DEFENDANTS IF THIS COURTS FINDS SERVICE IMPROPER PURSUANT TO § 5-105.09 OF THE DC CODE was mailed to following on December 28, 2007:

Officer Venson Wytch
1805 Bladensburg Road, N.E.
Washington, D.C. 20019

Steven J. Anderson, Esq.
441 4th Street N.W., 6th Floor South
Washington, D.C. 20001

*Joel T. Hall*

Joel T. Hall

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOEL THOMAS HALL,                  )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )        Case No.  1:07-CV  00970(RBW)
                                   )
DISTRICT OF COLUMBIA, *et at.*,    )
                                   )
        Defendants.                )

---

### ORDER

UPON CONSIDERATION of Plaintiff's OPPOSITION TO DEFENDANT

VENSON'S WYTCH MOTION TO DISMISS FOR IMPROPER SERVICE, Defendant

Venson Wytch's MOTION TO DISMISS FOR IMPROPER SERVICE IS **DENIED.**

It is ordered that the Defendant Venson Wytch was properly served with the

summons, complaint and initial order pursuant § 5-105.09 of the DC code on November

2, 2007.

It is further ordered that The Plaintiff's REQUEST FOR ENLARGEMENT OF TIME

FOR SERVICES OF SUMMONS, COMPLAINT, AND INTIAL ORDER AND

AMEDNED COMPLAINT ON UNSERVED DEFENDANTS is **GRANTED**, there

being good grounds for the relief requested in Plaintiff's motions, it is this _____ day of

_____, 2007

_____
The Honorable Reggie B. Walton
U.S. District Court Judge

cc:
Steven J. Anderson, Esq.
441 4th Street N.W., 6th Floor South
Washington, D.C.  20001

Officer Venson Wytch
1805 Bladensburg Road, N.E.
Washington, D.C.  20019

Joel T. Hall
1360 Barnaby Terrace S.E.
Washington, D.C.  20036
202-629-1464



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| Postage | $ | $0.87 | |
| Certified Fee | | $2.40 | |
| Return Receipt Fee (Endorsement Required) | | $1.85 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.12 | |

Sent To District of Columbia Office of Atty General
Street, Apt. No.; or PO Box No. 441 4th Street NW
City, State, ZIP+4 Washington, DC 20001

PS Form 3800, August 2006          See Reverse for Instructions

---

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| Postage | $ | $0.87 | 0113 |
| Certified Fee | | $2.40 | |
| Return Receipt Fee (Endorsement Required) | | $1.85 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.12 | |

Sent To Office of the Mayor District of Columbia
Street, Apt. No.; or PO Box No. 1350 Pennsylvania Ave NW
City, State, ZIP+4 Washington, DC 20004

PS Form 3800, August 2006          See Reverse for Instructions

---

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage

For delivery information visit our website at www.usps.

OFFICIAL USE

| Postage | $ | $0.87 | 0113 |
| Certified Fee | | $2.40 | |
| Return Receipt Fee (Endorsement Required) | | $1.85 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.12 | |

Sent To Metropolitan Police Department
Street, Apt. No.; or PO Box No. 300 Indiana Ave NW
City, State, ZIP+4 Washington, DC 20001

PS Form 3800, August 2006          See Reverse for Instructions

---

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ | $0.87 | 0113 |
| Certified Fee | | $2.40 | |
| Return Receipt Fee (Endorsement Required) | | $1.85 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.12 | |

Sent To Chief of Police - Kathy Lanier
Street, Apt. No.; or PO Box No. 300 Indiana Ave NW
City, State, ZIP+4 Washington, DC 20001

PS Form 3800, August 2006          See Reverse for Instructions

Attachment 1 page 1 of 2



**UNITED STATES**
**POSTAL SERVICE**

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7006 2760 0004 3049 0664**
Status: **Delivered**

Your item was delivered at 4:03 PM on March 19, 2007 in
WASHINGTON, DC 20001.

*Additional Details >*   *Return to USPS.com Home >*

Track & Confirm

Enter Label/Receipt Number.



POSTAL INSPECTORS       site map   contact us   government services   jobs   National & Premier Accounts
Preserving the Trust                 Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use   Privacy Policy

*Attachment 1 page 2 of 2*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOEL THOMAS HALL,                    )
                                     )
            Plaintiff,               )
                                     )    Case No. 1:07 CV 00970
      v.                             )
                                     )
DISTRICT OF COLUMBIA, *et al.,*      )
                                     )
            Defendants.              )

## AFFIDAVIT OF VENSON WYTCH

1.  My name is Venson Wytch, and I am over 18 years of age.

2.  I have not been served with the Summons and Complaint in the above-captioned case.

3.  I am employed at the Metropolitan Police Department's Fifth District Station located at 1805 Bladensburg Rd., NE, Washington, D.C. as a police officer.

4.  I did not authorize anyone to accept service for me at the Fifth District.

5.  Around November 2, 2007, I was on patrolling on the streets. The dispatched contacted me on my police radio and told me to call the Fifth District Station. When I called the station, an officer told me that there was a package waiting for me at the Fifth District.

6.  I picked up the package a day later and it was paperwork about the above-captioned case.

I swear and affirm that the following is true and correct to the best of my knowledge under penalty of perjury.

_Venson Wytch_                 12/13/07
VENSON WYTCH

Attachment 2

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOEL T. HALL,                             :

      Plaintiff,                 :

   vs.                                     :          Civil Action No.: 2007 CA 000726
                                                Judge Thomas J. Motley

DISTRICT OF COLUMBIA, et al.,            :

      Defendants,                :

:     :     :     :     :     :     :     :     :     :     :     :     :

### ORDER

UPON CONSIDERATION of Plaintiff's request for extension of time for service of the summons, complaint and initial order on unserved defendants, request for permission for alternative service on Venson Wytch and request to have the record reflect the correct names of Defendants Kathy Lanier and Benson Wytch as *Cathy Lanier* and *Venson Wytch*, and there being grounds for the relief requested, it is this 25th day of April 2007, hereby

ORDERED that Plaintiff's motion is GRANTED; and that plaintiff shall have to and including May 11, 2007, in which to serve the unserved defendants in this case.

*Thomas J. Motley*

_____
Thomas J. Motley
Associate Judge

Attachment 3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| JOEL T. HALL | ) ) ) | |
| VS. | ) )) | Civil Action No. 07-CA-000726<br>Judge Thomas J. Motley<br>Next Event: Initial Conference |
| DISTRICT OF COLUMBIA, et. al. | ) ) | May 11, 2007 |

## REQUEST FOR EXTENSION OF TIME FOR SERVICE OF SUMMONS, COMPLAINT, AND INTIAL ORDER ON UNSERVED DEFENDANTS AND PERMISSION FOR ALTERNATIVE SERVICE ON VENSON WYTCH AND PERMISSION TO HAVE THE RECORD REFLECT THE CORRECT NAMES OF DEFENDANTS KATHY LANIER AND BENSON WYTCH TO BE CATHY LANIER AND VENSON WYTCH

The Plaintiff, Joel Hall, pursuant to SCR-Civil 26(e) or any applicable rule, respectfully requests this Honorable Court to extend time for service on unserved defendants. In the above captioned case, Mr. Hall has served the District of Columbia on February 5 and 7, 2007, the Metropolitan Police Department and Chief Cathy Lanier were served on March 19, 2007, and Officer Jose Freeman was served on March 10, 2007. Further, Mr. Hall requests this Honorable Court's permission for alternative service of Officer Venson Wytch. Mr. Hall requests this motion be granted for the following reasons:

1.) On March 28, 2007, the undersigned counsel was informed by a clerk at the District of Columbia's Superior Court that there has been an issue raised about the service of the District of Columbia because the persons accepting service, Alenzo Pearson and Garu Dunnuir are not registered agents. Mr. Hall would like the opportunity resolve the issue of service by registered mail or in the alternative be allowed to re-serve by mail or personally serve the District of Columiba.

A Hachment 4 page 1 of 12

2.) Although the Metropolitan Police Department and Chief Cathy Lanier has been properly served by the U.S. Post Officer Mr. Hall has not received the registered receipt back in the mail from Ms. Lanier. Further, the registered receipt returned from the Metropolitan Police Department was unsigned. (Please see Attachment A ). Mr. Hall has attached to this Motion is a copy of the successful delivery dates made to the Metropolitan Police Department and Chief Cathy Lanier. Attachment B pages 1 - 4. Mr. Hall has also attached the certified mail receipt included the names of the defendants he attempted to serve. Attachment C.

3.) Officer Jose Freeman has been served on March 10, 2007 but the Plaintiff is waiting for the Affidavit of Service to be completed.

1.) Joel Hall, by undersigned counsel, has diligently attempted to serve Officer Venson Wytch through Capitol Process Services but the attempts were unsuccessful. Please see attached Affidavit of Due Diligence signed by Ambiko Guice. Attachment D pages 1-2. Mr. Ambiko Guice attempted proper serve on six different dates at various times of the date; 8:30 p.m, 10:00 a.m. and between 2:30 p.m. and 3:30 p.m.

Although, the officer answering the telephone at the Metropolitan Police Department told Mr. Guice prior to his arrival at the 5th District that Officer Venson Wtych was scheduled to work at District at all times that Mr. Guice attempted to serve Officer Wytch he was told after his arrival that Officer Wytch was not in.

Finally, on March 26th a police officer at 5th District Metropolitan Police Department told Mr. Guice that Officer Wytch was on the street, he could not be

Attachmet 4   page 2 of 12

called back to the station and would not be back until the next officer his duty was over.

over.

Mr. Guice completely the attached Affidavit and due to time constraints Mr. Hall acknowledges that Mr. Guice incorrectly list the year as 2005 but would like the opportunity to amend the Affidavit to have the year changed.

Because Mr. Guise diligently attempted to serve Mr. Wytch Mr. Hall seeks permission for alternative service.

Further, it was only after the Complaint was filed that the undersigned counsel discovered that Kathy Lanier is spelled with a C instead of a K and that Benson Wtych name is correctly spelled Venson Wytch.

Wherefore, the plaintiff requests this Honorable Court to grant this motion.

Respectfully Submitted,

*Melodie Shuler*

Melodie Shuler
Bar No. 488686
1629 K Street N.W., Suite 300
Washington, D.C. 20002
202-294-9897
melodie shuler@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the was e-filed to the District of Columbia, 441 4th Street N.W., Washington, D.C. 20001 and mailed first-class, postage prepaid, on this _30th_ day of March to:

Officer Jose Freeman
1805 Bladensburg Road, N.E.
Washington, D.C. 20019

Officer Venson Wytch
1805 Bladensburg Road, N.E.
Washington, D.C. 20019

Chief Cathy Lanier, Metropolitan Police Department
300 Indiana Avenue
Washington, D.C. 20001

Metropolitan Police Department
300 Indiana Avenue
Washington, D.C. 20001

Respectfully Submitted,

*Melodie Sh*

Melodie Shuler

Attachment 4 page 3 of 12



7006 2760 0004 3049 0688

Attachment 4 page 4 of 12
Attachment A


**UNITED STATES**
**POSTAL SERVICE**

Home  |  Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7006 2760 0004 3049 0688**
Status: **Delivered**

Your item was delivered at 4:03 PM on March 19, 2007 in
WASHINGTON, DC 20001.

*Additional Details >*     *Return to USPS.com Home >*

Track & Confirm

Enter Label/Receipt Number.

POSTAL INSPECTORS     site map    contact us    government services    jobs    National & Premier Accounts
Preserving the Trust          Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

*Attachment 4 page 5 of 12*
**Attachment B**
**Pages 1 of 4**



UNITED STATES
POSTAL SERVICE

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7006 2760 0004 3049 0688**
Detailed Results:

* **Delivered, March 19, 2007, 4:03 pm, WASHINGTON, DC 20001**
* **Notice Left, February 06, 2007, 12:22 pm, WASHINGTON, DC 20001**
* **Arrival at Unit, February 06, 2007, 12:14 pm, WASHINGTON, DC 20001**
* **Acceptance, February 02, 2007, 6:01 pm, WASHINGTON, DC 20013**

‹ Back                                    Return to USPS.com Home ›

Track & Confirm

Enter Label/Receipt Number.



POSTAL INSPECTORS     site map     contact us     government services     jobs     National & Premier Accounts
Preserving the Trust                    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

Attachment 4 page 6 of 12
Attachment B
pages 2 of 4



UNITED STATES
POSTAL SERVICE®

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7006 2760 0004 3049 0664**
Status: **Delivered**

Your item was delivered at 4:03 PM on March 19, 2007 in
WASHINGTON, DC 20001.

Additional Details >    Return to USPS.com Home >

Track & Confirm

Enter Label/Receipt Number.



POSTAL INSPECTORS       site map    contact us   government services   jobs   National & Premier Accounts
Preserving the Trust              Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

Attachment 4 page 7 of 12
Attachment B
pages 3 of 4



UNITED STATES
POSTAL SERVICE

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: 7006 2760 0004 3049 0664
Detailed Results:

- **Delivered, March 19, 2007, 4:03 pm, WASHINGTON, DC 20001**
- **Notice Left, February 09, 2007, 12:44 pm, WASHINGTON, DC 20001**
- **Arrival at Unit, February 09, 2007, 12:44 pm, WASHINGTON, DC 20001**
- **Acceptance, February 02, 2007, 5:58 pm, WASHINGTON, DC 20013**

‹ Back

*Return to USPS.com Home ›*

Track & Confirm

Enter Label/Receipt Number.

POSTAL INSPECTORS     site map   contact us   government services   jobs   National & Premier Accounts
Preserving the Trust        Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

*Attachment 4 page 8 of 12*
*Attachment B*
*pages 4 of 4*



**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $0.87 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.12 |

Sent To: District of Columbia Off of Atty General
Street, Apt. No. or PO Box No.: 441 4th Street NW
City, State, ZIP+4: Washington, DC 20001

PS Form 3800, August 2006        See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | | |
|---|---|---|---|
| Postage | $ | $0.87 | 0113 |
| Certified Fee | | $2.40 | |
| Return Receipt Fee (Endorsement Required) | | $1.85 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.12 | |

Sent To: Office of the Mayor District of Columbia
Street, Apt. No. or PO Box No.: 1350 Pennsylvania Ave NW
City, State, ZIP+4: Washington, DC 20004

PS Form 3800, August 2006        See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | | |
|---|---|---|---|
| Postage | $ | $0.87 | 0113 |
| Certified Fee | | $2.40 | |
| Return Receipt Fee (Endorsement Required) | | $1 | |
| Restricted Delivery Fee (Endorsement Required) | | $ | |
| Total Postage & Fees | $ | $5 | |

Sent To: Metropolitan Police Department
Street, Apt. No. or PO Box No.: 300 Indiana Ave, NW
City, State, ZIP+4: Washington, DC 20001

PS Form 3800, August 2006        See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | | |
|---|---|---|---|
| Postage | $ | $0.87 | 0113 |
| Certified Fee | | $2.40 | |
| Return Receipt Fee (Endorsement Required) | | $1.85 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.12 | |

Sent To: Chief of Police + Kathy Lanier
Street, Apt. No. or PO Box No.: 300 Indiana Ave, NW
City, State, ZIP+4: Washington, DC 20002

PS Form 3800, August 2006        See Reverse for Instructions

Attachment 4 page 9 of 12

Attachment C

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL

Joel Thomas Hall

vs.

Kathy Lanier, et al.                              Case No. 2007 CA 000726 B

AFFIDAVIT OF DUE DILIGENCE

STATE OF DISTRICT OF COLUMBIA
CITY OF WASHINGTON

I, AMBIKO GUICE, having been duly authorized to make service of the Initial Order, Summons, Complaint and Attachment A in the above entitled case, hereby depose and say:

That my date of birth is 11-03-1974.

That my business address is 1827 18th Street, N.W., Washington, D.C. 20009.

That I am not a party to or otherwise interested in this suit.

That after due search, careful inquiry and diligent attempts, I have been unable to serve the witness, Officer Benson Wytch, Badge ID 3817, with the above named process.

That on the 11th day of March 2005 at 8:30 o'clock p.m., I attempted to serve the witness, Officer Benson Wytch, Badge ID 3817 at Metropolitan Police Department, 5th District, 1805 Bladensburg Road, NE, Washington, DC 20019. On this occassion, I was told that Officer Benson Wytch was not in.

That on the 14th day of March 2005 at 10:00 o'clock a.m., I attempted to serve the witness, Officer Benson Wytch, Badge ID 3817 at Metropolitan Police Department, 5th District, 1805 Bladensburg Road, NE, Washington, DC 20019. On this occassion, I was told that Officer Benson Wytch was not in.

That on the 17th day of March 2005 at 3:30 o'clock p.m., I attempted to serve the witness, Officer Benson Wytch, Badge ID 3817 at Metropolitan Police Department, 5th District, 1805 Bladensburg Road, NE, Washington, DC 20019. On this occassion, I was told by the front desk officer that Officer Wytch was not in.

That on the 18th day of March 2005 at 2:30 o'clock p.m., I attempted to serve the witness, Officer Benson Wytch, Badge ID 3817 at Metropolitan Police Department, 5th District, 1805 Bladensburg Road, NE, Washington, DC 20019. On this occassion, again, I was told that Officer Wytch was not in.

That on the 22nd day of March 2005 at 3:00 o'clock p.m., I attempted to serve the witness, Officer Benson Wytch, Badge ID 3817 at Metropolitan Police Department, 5th District, 1805 Bladensburg Road, NE,

Attachment 4 page 10 of 12 Attachment D section 2

Washington, DC 20019. On this occassion, I was told that Officer Wytch was not at roll call that day.

That on the 26th day of March 2005 at 3:30 o'clock p.m., I attempted to serve the witness, Officer Benson Wytch, Badge ID 3817 at Metropolitan Police Department, 5th District, 1805 Bladensburg Road, NE, Washington, DC 20019. On this occassion, I was told that Officer Wytch was on the street and that he could not be called into the station. In addition, I was told that he would not be back to the station after roll call.

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

AMBIKO  GUICE
Private Process Server

Subscribed and Sworn to before me
this _20th_ day of _March_ , 2007.

Notary Public
My commission expires: 01-14-09
dil184950.lab

Attachment 4 page 11 of 12

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001
(202) 879-1133

**REJECTION SHEET**

RE: _Joel Thomas vs Kathy_    C.A. No. _07ca 756_

The _____ received/filed on _5-11-07_

cannot be accepted for filing and is returned herewith for the following reason(s):

☐ U.S. Marshals Service Form not included.
☐ Pleading not signed as required by court rule.
☐ Required number of summonses/complaints were not included.
☐ Default/Default Judgment was entered on _____, see SCR-Civ. 55(a)-60(b).
☐ Time for filing answer expired on _____
☐ Check # _____ for payment of _____ was made
    out incorrectly _____.
☐ Fee (Check) not included for : _____.
☐ Not timely filed.
☐ Locational information of attorney not reflected (SCR-Civ. 101-(c)).
☐ Unified bar number not included as required by court rule.
☐ Leave of Court required for filing: _____
☐ Incorrect case number on pleading.
☐ No certificate of service/mailing.
☐ Civil Division lacks jurisdiction — should be filed with _____
_____
☐ Requires signatures of all parties who have appeared.
☐ Non-compliance with SCR- Civ.-33.
☐ _Not a Real property Case_
_Affidavit of Due Diligence_
_Can only be Used in it is a_
_Real property matter._

**NOTICE:** New certificate of service is required when resubmitting a rejected pleading.
**RETURN TO ABOVE ADDRESS:**
**RETURNED TO:** _Ambika Grece_
**DATE:** _5-16-07_    **DEPUTY CLERK** _Amex Wilson_
_202-849-1946_

Form CV-625/Aug. 00

WHITE—PLAINTIFF    CANARY—DEFENDANT    PINK—COURT FILE

_Attachment 4 page 12 of 12_

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOEL T. HALL )
)
)
VS. )       Civil Action No.  07-CA-000726
)       Judge Thomas J. Motley
))      Next Event: Initial Conference
DISTRICT OF COLUMBIA, et. al. )              May 11, 2007
)

## REQUEST FOR EXTENSION OF TIME FOR SERVICES OF SUMMONS, COMPLAINT, AND INTIAL ORDER ON UNSERVED DEFENDANTS

The Plaintiff, Joel Hall, pursuant to SCR-Civil Rule 4 and 26(e) or any applicable

rule, respectfully requests this Honorable Court to extend time for service on unserved

defendants: In the above captioned case, Mr. Hall previously attempted to serve the

District of Columbia by certified mail on February 5 and 7, 2007, the Metropolitan Police

Department and Chief Cathy Lanier were served on March 19, 2007, and Officer Jose

Freeman was served on March 10, 2007.  Mr. Hall requests this motion be granted for the

following reasons:

   1.) Mr. Hall hired and paid a process server to serve the District of Columbia

       however because of an illness the process server needed additional time to

       serve the defendants.  Mr. Hall did not include by attachments the attempts

       made by the process service to properly serve the defendants because the

       process service notified the unsigned counsel that he needed assistance in

       preparing the Affidavit of Due Diligence.  The clerk's office would not accept

       the Affidavit of Service he attempted to file during the beginning of May

Attachment 5 page 1 of 8

because the title was incorrect, instead of stating Affidavit of Due Diligence the Affidavit stated Affidavit of Service.

2.) Although, Ofc. Jose Freeman has been served an affidavit of service has not been filed by the process server yet. The process server became ill during the month of April and May and was unable to file the Affidavit of Service.

Mr. Hall by and through the undersigned retained a different process server and will attempt to personally serve the remaining defendants during the weeks of May 10 through May 18, 2007, but may require additional time.

Joel Hall, by and through undersigned counsel, has diligently attempted to serve Ofc. Venson Wytch through Capitol Process Services but the attempts were unsuccessful. This Honorable Court granted Mr. Hall permission to alternatively serve Ofc. Wytch, however, Mr. Hall does not have sufficient funds to serve by publications and request service by posting and permission to effect service by leaving the summons, complaint and initial order with a person in a supervisory position over Ofc. Wytch or serve by any other means this Honorable Court deems proper.

WHEREFORE, the plaintiff requests this Honorable Court to grant this motion.

Respectfully Submitted,
/s/ Melodie Shuler, Esq.
Melodie Shuler, Esq.
Bar No. 488686
1629 K Street N.W., Suite 300
Washington, D.C. 20002
202-294-9897

## Points and Authorities

A Hachment 5 page 2 of 8

1. SCR-Civil 4
2. SCR-Civil 26(e)
3. Inherent Power of the Court

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the was to the District of Columbia, 441 4th Street N.W., 6th Floor South, Washington, D.C. 20001 and mailed first-class, postage prepaid, on this _10th_ day of March to:

Officer Jose Freeman
1805 Bladensburg Road, N.E.
Washington, D.C. 20019

Officer Venson Wytch
1805 Bladensburg Road, N.E.
Washington, D.C. 20019

Also E-filed to
Steven J. Anderson. Esq.
441 4th Street N.W., 6th Floor South
Washington, D.C. 20001

Respectfully Submitted,
/s/ Melodie Shuler, Esq.
Melodie Shuler, Esq.

Attachment 5 page 3 of 8

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOEL T. HALL               )
                              )
                              )
       VS.                    )
                              ))
                              )
DISTRICT OF COLUMBIA, et. al.    )
                              )

Civil Action No.  07-CA-000726
Judge Thomas J. Motley
Next Event: Initial Conference
May 11, 2007

## ORDER

UPON CONSIDERATION of Plaintiff's request for Extension of Time for Service of Summons, Complaint, and Initial Order on Unserved Defendants, there being good grounds for the relief requested in Plaintiff's motion, it is this _____ day of _____, 2007 hereby,

Ordered that Plaintiff's Motion is GRANTED; and that the Plaintiff shall have up to and including <u>August 11, 2007</u>, which to serve the unserved defendants in this case.

_____
Thomas J. Motley
Associate Judge

cc:
Steven J. Anderson, Esq.
441 4th Street N.W., 6th Floor South
Washington, D.C.  20001

Melodie Shuler
1629 K Street N.W., Suite 300
Washington, D.C.  20036
202-294-9897

Attachment 5 page 4 of 8

D.C. Superior Court
07 May 10 A11:26
Clerk of Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOEL T. HALL

VS.

DISTRICT OF COLUMBIA, et. al.

Civil Action No. 07-CA-000726
Judge Thomas J. Motley
Next Event: Initial Conference
May 11, 2007

## REQUEST FOR EXTENSION OF TIME FOR SERVICES OF SUMMONS, COMPLAINT, AND INTIAL ORDER ON UNSERVED DEFENDANTS

The Plaintiff, Joel Hall, pursuant to SCR-Civil Rule 4 and 26(e) or any applicable rule, respectfully requests this Honorable Court to extend time for service on unserved defendants:  In the above captioned case, Mr. Hall previously attempted to serve the District of Columbia by certified mail on February 5 and 7, 2007, the Metropolitan Police Department and Chief Cathy Lanier were served on March 19, 2007, and Officer Jose Freeman was served on March 10, 2007.  Mr. Hall requests this motion be granted for the following reasons:

1.) Mr. Hall hired and paid a process server to serve the District of Columbia however because of an illness the process server needed additional time to serve the defendants.  Mr. Hall did not include by attachments the attempts made by the process service to properly serve the defendants because the process service notified the unsigned counsel that he needed assistance in preparing the Affidavit of Due Diligence.  The clerk's office would not accept the Affidavit of Service he attempted to file during the beginning of May

Attachment 5 page 5 of 8

because the title was incorrect, instead of stating Affidavit of Due Diligence

the Affidavit stated Affidavit of Service.

2.) Although, Ofc. Jose Freeman has been served an affidavit of service has not

been filed by the process server yet. The process server became ill during the

month of April and May and was unable to file the Affidavit of Service.

Mr. Hall by and through the undersigned retained a different process

server and will attempt to personally serve the remaining defendants during the

weeks of May 10 through May 18, 2007, but may require additional time.

Joel Hall, by and through undersigned counsel, has diligently attempted to

serve Ofc. Venson Wytch through Capitol Process Services but the attempts were

unsuccessful. This Honorable Court granted Mr. Hall permission to alternatively

serve Ofc. Wytch, however, Mr. Hall does not have sufficient funds to serve by

publications and request service by posting and permission to effect service by

leaving the summons, complaint and initial order with a person in a supervisory

position over Ofc. Wytch or serve by any other means this Honorable Court

deems proper.

WHEREFORE, the plaintiff requests this Honorable Court to grant this

motion.

Respectfully Submitted,
/s/ Melodie Shuler, Esq.
Melodie Shuler, Esq.
Bar No. 488686
1629 K Street N.W., Suite 300
Washington, D.C.  20002
202-294-9897

**Points and Authorities**

Attachment 5    Page 6 of 8

1. SCR-Civil 4
2. SCR-Civil 26(e)
3. Inherent Power of the Court

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the was  to the District of Columbia, 441 4th Street N.W., 6th Floor South, Washington, D.C.  20001 and mailed first-class, postage prepaid, on this  _10th_ day of March to:

Officer Jose Freeman
1805 Bladensburg Road, N.E.
Washington, D.C.  20019

Officer Venson Wytch
1805 Bladensburg Road, N.E.
Washington, D.C.  20019

Also E-filed to
Steven J. Anderson, Esq.
441 4th Street N.W., 6th Floor South
Washington, D.C.  20001

Respectfully Submitted,
/s/ Melodie Shuler, Esq.
Melodie Shuler, Esq.

Attachment 5   page 7 of 8

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOEL T. HALL                         )
                                     )
                                     )       Civil Action No. 07-CA-000726
       VS.                           )       Judge Thomas J. Motley
                                     ))      Next Event: Initial Conference
                                     )            May 11, 2007
DISTRICT OF COLUMBIA, et. al.        )
                                     )

**ORDER**

        UPON CONSIDERATION of Plaintiff's request for Extension of Time for
Service of Summons, Complaint, and Initial Order on Unserved Defendants, there being
good grounds for the relief requested in Plaintiff's motion, it is this _____ day of
_____, 2007
hereby,

        Ordered that Plaintiff's Motion is GRANTED; and that the Plaintiff shall have up
to and including <u>August 11, 2007</u>, which to serve the unserved defendants in this case.


                                             _____
                                             Thomas J. Motley
                                             Associate Judge


cc:
Steven J. Anderson, Esq.
441 4th Street N.W., 6th Floor South
Washington, D.C.  20001

Melodie Shuler
1629 K Street N.W., Suite 300
Washington, D.C.  20036
202-294-9897


Attachment 5  page 8 of 8