UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL THOMAS HALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:07 CV 00970(RBW) |

**DEFENDANT WYTCH'S REPLY TO PLAINTIFF'S OPPOSITION OF DEFENDANT WYTCH MOTION TO DISMISS DUE TO IMPROPER SERVICE AND DEFENDANT WYTCH'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE TIME FOR SERVICE OF SUMMONS, COMPLAINT AND INITIAL ORDER**

Defendant Wytch moved this Court to dismiss plaintiff's complaint due to improper service and because the period for effecting service has passed. Plaintiff filed an opposition urging that defendant's motion be denied because Defendant Wytch was properly served. In the alternative, plaintiff has moved to extend the period for serving Mr. Wytch. Below, Defendant Wytch shows that plaintiff's service was not proper and that plaintiff's motion to extend the period for service should be denied. Therefore, plaintiff's complaint against this defendant should be dismissed.

In his motion, Defendant Wytch demonstrated that plaintiff's complaint must be dismissed because he was not properly served and the deadline for plaintiff to serve this defendant has passed. In his opposition, plaintiff claims that he properly served Defendant Wytch by leaving a copy of the summons and complaint with another police officer at the police precinct where Ofc. Wytch is employed. Plaintiff's opposition does not dispute the fact that Ofc. Wytch did not authorize the officer that was served to accept personal service for him. Rather, plaintiff claims that service on this officer is proper under D.C. Code 5-105.09.

Section 5-105.09 provides that:

No later than 60 days following March 6, 2007, the Chief of Police, pursuant to subchapter I of Chapter 5 of Title 2, shall issue rules establishing a procedure for service of process upon sworn members of the Metropolitan Police Department for actions arising out of the performance of their duties. The rules shall include the following:

    (1) A process whereby the sworn member is notified that service of process is being attempted on him or her;

    (2) A process for notifying a process server and the public of a specific time and place where service will be made;

    (3) The designation of one or more offices, at the command level or the department's general counsel, where service shall be accepted on behalf of the sworn member; and

    (4) The discipline to be meted out against any sworn member who avoids service of process.

Clearly, Section 5-105.09 does not purport to change the rules for personal service in the District as set forth in Super. Ct. R. Civ. R. 4. It is well-established under District law and Rule 4, that serving another employee at a defendant's place of employment is inadequate. *See Leichtman v. Koons*, 527 A.2d 745 (D.C. 1987) (holding that delivery to a defendant's place of business is not a permissible manner to obtain service under District law.)

By its terms, Section 5-105.09 directs that implementing regulations be issued to establish a procedure for serving District police officers. It also requires that an MPD officer may designate one or more officers "at the command level" or in the MPD General Counsel's office to accept personal service. Plaintiff's opposition does not dispute Ofc. Wytch's showing that the officer that plaintiff served had not been so designated. Clearly, plaintiff did not properly serve Ofc. Wytch under District law.

More to the point, plaintiff does not indicate that he tried to follow the procedures set forth in the implementing regulations for Section 5-105.09. Hence, plaintiff does not indicate

2

that he contacted Ofc. Wytch's commander or the MPD General Counsel to obtain their assistance. Accordingly, Section 105.09 does not support plaintiff's contention that he has properly served Ofc. Wytch, nor do the regulations that implemented that section.

Indeed, plaintiff does not mention the regulations that implement Section 105.09. These regulations provide that an officer may designate an Assistant Chief as an agent to accept service. *See* 54 D.C. Reg. 8816. Plaintiff does not claim that he contacted Ofc. Wytch's Commander or Asst. Chief.

Plaintiff request to further extend the period for service of the summons and complaint, even though the extended deadline has passed. The defendant is opposed. Plaintiff originally filed his complaint on January 30, 2007. It is now 2008, and plaintiff has not obtained service. As plaintiff points out in his opposition, the plaintiff moved to extend the period in Superior Court before the case was removed to Federal Court in May 2007. This Court granted plaintiff additional time too. Hence, the plaintiff has now had several extensions over 11 months to serve Ofc. Wytch. Plaintiff has been given more than fair opportunity to serve Defendant Wytch and no further extensions should be granted.

The statute of limitations for civil actions based on an assault, such as the one plaintiff alleges, is one year in the District of Columbia. *See* D.C. Code § 12-301. This reflects a legislative decision to bring such disputes to court quickly. Plaintiff's delay for almost a year will prejudice Defendant Wytch as memories fade and evidence is lost.

Fed.R.Civ.P. 6 provides that motions to extend deadlines filed after the deadline has passed shall be granted where "excusable neglect" is shown. Plaintiff's motion argues that plaintiff has made reasonable efforts to obtain service and seeks to blame Defendant Wytch for

3

plaintiff's failure to do so.  Although plaintiff repeatedly claims that Defendant Wytch sought to evade service, the plaintiff fails to provide any evidence or even specifics to back up this claim.

The regulations that implemented Section 105.09 provide a procedure for obtaining service on police officers by plaintiff, a procedure plaintiff apparently neglected to follow. Plaintiff's opposition does not indicate that he used procedures available to him.  These procedures require that a plaintiff seeking to serve an officer make an appointment with the officer's Commander.  Instead, plaintiff claims he was mislead by a fellow officer.

Since May 2007, when this case was removed to Federal Court, the record shows that plaintiff made one attempt to serve Ofc. Wytch by dropping off a copy at his place of employment – clearly improper service.  Although plaintiff claims his process server was mislead by an officer at the 5th MPD precinct station, the plaintiff does not support this contention with an affidavit or any proof.

In conclusion, the plaintiff has not properly served Ofc. Wytch.  In addition, plaintiff does not indicate that he sought to make service using the procedures established by District regulations.  Plaintiff cannot show excusable neglect.   Plaintiff's claim against Ofc. Wytch should be dismissed and plaintiff's request for yet another extension should be denied.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /S/ PHILLIP LATTIMORE
    PHILLIP LATTIMORE
    Chief, General Litigation Section III

    /S/ STEVEN J. ANDERSON

STEVEN J. ANDERSON  
Assistant Attorney General  
Bar no. 334480  
Suite 600S  
441 Fourth Street, N.W.  
Washington, D.C. 20001  
(202) 724-6607  
(202) 727-3625 (fax)  
E-mail: Steve.anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL THOMAS HALL, )<br>)<br>      **Plaintiff,** )<br>) <br>      v. )<br>)<br>**DISTRICT OF COLUMBIA**, *et al.,* )<br>)<br>      **Defendants.** )<br>_____) | Case No. 1:07 CV 00970(RBW) |

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE PERIOD FOR SERVICE OF SUMMONS, COMPLAINT UPON DEFENDANT WYTCH AND DISMISSING PLAINTIFF'S COMPLAINT**

Upon consideration of Defendant Wytch's motion to dismiss plaintiff's complaint, plaintiff's opposition, plaintiff's motion to extend the period for service of summons, and complaint, the defendants' opposition thereto, and the record herein, and for the reasons set forth in defendant's motion, it is hereby,

ORDERED: that the plaintiff's motion to extend the period for service of the summon, complaint motion is DENIED, and that plaintiff's amended complaint against Defendant Wytch is DISMISSED

So ORDERED this \_\_\_\_\_ day of _____, 2008.

_____
Honorable Reginald Walton
U.S. District Court Judge

Copies to:
Steven J. Anderson
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001

2

Joel Hall
1360 Barnaby Terrace, SE
Washington, D.C. 20036

Case 1:07-cv-00970-RBW    Document 20    Filed 01/03/2008    Page 7 of 7

2