## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOEL THOMAS HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:07 CV 00970(RBW)** |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia by and through undersigned counsel,  pursuant to

Fed. R. Civ. Pro. 12(c), hereby moves this Court to partially dismiss Plaintiff's Amended

Complaint.  Specifically, all the plaintiff's common law claims based on incidents not

mentioned in plaintiff's notice letter to the Mayor are barred by plaintiff's failure to give the

District the notice required by D.C. Code Section 12-309.   Accordingly, these claims must

be dismissed.

A Memorandum of Points and Authorities in support of this Motion and a proposed

Order are attached hereto.  Because this is a dispositive motion, it was not necessary to seek

plaintiff's consent under L.Civ.R. 7(m).

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/TONI MICHELLE JACKSON
_____
TONI MICHELLE JACKSON [453765]
Chief
General Litigation Section III

/s/ STEVEN J. ANDERSON
_____
STEVEN J. ANDERSON [334480]
Assistant Attorneys General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
Steve.anderson@dc.gov
(202) 724-6600
(202) 741-5923 (fax)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOEL THOMAS HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:07 CV 00970(RBW)** |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO PARTIALLY DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

**Introduction**

Defendant District of Columbia by and through undersigned counsel, respectfully submits this memorandum of points and authorities in support of its motion to partially dismiss plaintiff's Amended Complaint.

Plaintiff filed his Complaint in this matter in D.C. Superior Court on January 30, 2007. Subsequently, it was removed to this Court by defendants based on plaintiff's claim that defendants violated his constitutional rights. In his Complaint, plaintiff alleges that he satisfied D.C. Code Section 12-309's notice requirements when he sent a letter to the Mayor of the District dated January 30, 2007. A copy of that letter was attached to plaintiff's Complaint and was Marked "Attachment A." Likewise, a copy is attached to this motion as "Attachment A." (hereinafter "Notice Letter.").

In his Notice Letter, the plaintiff gives notice of his claim for compensation based on an incident that occurred on November 15, 2006 or November 16, 2006, at the intersection

of 4th and T Streets, NE., Washington, D.C. [1]   Based on plaintiff's Notice Letter, it appears

that plaintiff is seeking compensation for his alleged arrest by District police officers, their

use of excessive force,  for the officers' failure to return plaintiff's identification card and

the damage they allegedly caused to his watch.  Attachment A.

On July 10, 2007, plaintiff filed an Amended Complaint wherein he included

numerous common law claims for incidents that are not mentioned in his Notice Letter to

the District.  However, as explained below, these additional claims are barred by D.C. Code

Section 12-309.  Section 12-309 requires that plaintiff give the Mayor notice of any

common law claim within 6 months.  However, more than six months have passed since

these alleged incidents occurred, so any notice to the District regarding these claims is

untimely.  Accordingly, all of plaintiff's common law claims, except the claim that was

preserved by plaintiff's January 20, 2007, notice, must be dismissed.

## Argument

D.C. Code § 12-309 (1981) makes written notification to the Mayor a condition

precedent to any action for damages against the District.  It provides:

> An action may not be maintained against the District of
> Columbia for unliquidated damages to person or property
> unless, within six months after the injury or damage was
> sustained, the claimant, his agent, or attorney has given
> notice in writing to the Mayor of the District of Columbia
> of the approximate time, place, *cause*, and circumstances of
> the injury or damage. A report in writing by the
> Metropolitan Police Department, in regular course of duty,
> is a sufficient notice under this section. [Emphasis added.]

This statutory notice requirement ensures "that District officials would be given

prompt notice of claims for potentially large sums of money so that they could: quickly

---

[1] At different places in the Notice Letter, plaintiff indicates the
incident occurred on November 15, 2006, or November 16, 2006.

investigate before evidence became lost or witnesses unavailable; correct hazardous

conditions; and settle meritorious claims*."  Campbell v. District of Columbia*, 568 A.2d

1076, 1078 (D.C. 1990); *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981).

In this case, plaintiff's Amended Complaint seeks compensation from the District

for the 12 common law claims, *inter alia,*  for which notice has not been given:

- an alleged assault and battery that occurred on September 14, 2006, in the 300
  block of Todd Place, NE.  Amended Complaint ¶¶ 156 , 164;

- alleged defamation, libel and slander that occurred on July 20, 2006, when an
  unknown police officer accused plaintiff of selling drugs. Amended Complaint ¶
  204;

- An incident that occurred in June of 2005, when plaintiff's hat was knocked off
  by Ofc. Lynch Amended Complaint ¶ 117;

- Alleged defamation, liable and slander when an unknown MPD Officer
  "intentionally and maliciously defamed the character of Plaintiff by making false
  statements to all persons on the dispatch system that there were [sic] a basis to
  arrest Mr. Hall for committing a criminal offence and in the presence of each
  other by stating that they had a legal basis to arrest and detain the plaintiff which
  were untrue statements," and by writing police reports which were untrue.
  Amended Complaint ¶¶ 205, 206;

- An alleged intentional infliction of emotion distress "from June 2004 to March
  2007" by harassing plaintiff, and denying him the right to speak.  Amended
  Complaint ¶ 215;

- Alleged "abuse of process" on unspecified dates when police officials targeted
  neighborhoods considered hot spots and unreasonably detained individuals.
  Amended Complaint ¶¶ 230-237;

- An incident that occurred on March 4, 2007, when Mr. Hall was allegedly
  ordered to pick up trash, and his ID card was "unreasonably detained."
  Amended Complaint ¶ 44(m);

- An incident in October 2006, at 1904  Third Street, NE, when plaintiff was
  prevented from leaving his apartment building.  Amended Complaint 44(j);

- Several incidents in August 2006, when plaintiff was directed to go into his
  apartment building.  Amended Complaint 44  (f) (g) (h).;

- Several incident at "various times from 2004-2006, [when] an unknown 6th District MPD Officer repeatedly illegal detained, search[ed], and seized Mr. Hall and required Mr. Hall to display his photo-identification card." Amended Complaint 44(b);

- An incident in May 2005 at Union Station at 50 Mass. Ave., NE, when plaintiff was handcuffed and forced to participate in a suspect identification. Amended Complaint ¶ 44(b);

- An incident on November 16, 2004, where plaintiff was allegedly grabbed by the arm and threatened by a police officer. Amended Complaint ¶ 44(a).

There is nothing in the plaintiff's Notice Letter to alert the District to investigate any incident or claim aside from the alleged events of November 15 or 16, 2006. Therefore, all of plaintiff's common law claims must be dismissed, except for the incident mentioned in plaintiff's notice letter which allegedly occurred on November 15 or 16, 2006.

Because § 12-309 is in derogation of the common law, it must be strictly construed. *Washington v. District of Columbia*, 429 A.2d 1362 (D.C. 1981) (*en banc*); *Pitts v. District of Columbia,* 400 A.2d 803, 809 (D.C. 1978); *Breen v. District of Columbia*, 400 A.2d 1058, 1062 (D.C.1979). This is so even where a "harsh result" may occur. *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975).

Section 12-309 requires notice to the Mayor in writing within six months after the alleged injuries occurred. However, the letter plaintiff seeks to rely upon is clearly inadequate. Section 12-309 requires four different elements for adequate notice to the District: (1) "the approximate time," (2) the "place," (3) the "*cause*," and (4) the "circumstances of the injury or damage." If any element is missing the notice is inadequate. *Washington v. District of Columbia*, 429 A.2d. 1362 (D.C. 1981) (*en banc*). In plaintiff's case, he did not provide notice of any of these elements for any injury pertaining except for the incident that occurred on November 15 or 16, 2006. There was no notice any of these

elements for any injury, except for the one incident that allegedly occurred on November 15 or 16, 2006.  Accordingly, plaintiff's common law claims based on these incidents is barred.

## <u>Conclusion</u>

Based on the foregoing, the District respectfully requests that this Court dismiss all plaintiff's common law claims except for this claim based on the incident that allegedly occurred on November 15 or 16, 2007.

Respectfully submitted,

PETER J.  NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/TONI MICHELLE JACKSON
_____
TONI MICHELLE JACKSON [453765]
Chief
General Litigation Section III

/s/ STEVEN J. ANDERSON
_____
STEVEN J. ANDERSON [334480]
Assistant Attorneys General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
Steve.anderson@dc.gov
(202) 724-6600
(202) 741-5923 (fax)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOEL THOMAS HALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 1:07 CV 00970(RBW)** |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## ORDER GRANTING DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT

Upon consideration of the Defendant's Motion to Partially Dismiss Plaintiff's

Amended Complaint, any opposition thereto, and the facts and law considered, and for the

reasons in the District's Motion, it is this _____ day of _____ 2008, hereby,

ORDERED: that the District's Motion to Partially Dismiss Plaintiff's Amended

Complaint is GRANTED; and it is further

ORDERED: that all of plaintiff's common law claims are dismissed except for

plaintiff's claims based on an incident that allegedly occurred on November 15 or 16, 2006.

_____
The Honorable Reggie B. Walton
Judge U.S. District Court, District of Columbia

Copies to:
Steven J. Anderson
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001

Melodie V. Shuler, Esq.
1717 K Street, NW, Ste. 600
Washington, D.C. 20036

**Claim Against The District Of Columbia**
**Claimant: JOEL THOMAS HALL**
**Page One**

**JOEL THOMAS HALL** presents a claim for damages against the **District of Columbia, Metropolitan Police Department, Chief of Police, Charles Ramsey, Metropolitan Police Department, OFFICER WHICH BADGE NUMBER OFFICER FREEMAN AND OTHER UNNAMED OFFICERS.** #3817

**Claimant's Address:** 1904 3rd Street N.E., Washington, DC 20019

**Date of Occurrence:** November 15, 2006.

**Approximate time of Occurrence:** About 8:50 p.m.

**Place of Occurrence:** 4th and T Street N.E.

**Cause and circumstances of the injury and damage:**

On November 16, 2006, at approximately 8:50 p.m., Joel Hall, was knocking on the corner store door. Officers Which, Officer Freeman, and one other unknown Officer approached Mr. Hall telling him the store was closed while flashing a light into his face.

The Officers told Mr. Hall to get against a fenced gate. Mr. Hall complied. One officer grabbed his right hand. The second officer grabbed his left hand. The Third officer then swung Mr. Hall around. Mr. Hall fell upon the ground. One of the officers held down the arm of Mr. Hall, the second officer pulled Mr. Hall arm very far up in the air, then the third officer banged Mr. Hall's head onto the alley pavement. At all times Mr. Hall was completely compliant.

Mr. Hall was handcuff and arrested for an unknown charge. Mr. Hall was questioned by the officers and eventually told the officer that his sister was an attorney and in a house nearby. Then for some unknown reason the officers decided to allow Mr. Hall to go home. But before they released him the officers reminded Mr. Hall that they could have beat him up like officers beat up a man recently in a case that has been widely

Attachment A

**Claim Against The District Of Columbia**
**Claimant: JOEL THOMAS HALL**
**Page Two**

publicized.

The officers also took Mr. Hall's District of Columbia photo-identification card

and has never returned his photo-identification card. Mr. Hall's watch was damaged. Mr. Hall was also subjected to repeat harassment and detainments.

Dated: ~~November 30, 2006~~ January 20, 2007

Signed: _Melodie Shuler, Esq_    Melodie V. Shuler, Esq.
1717 K Street N.W., Suite 600
Washington, DC 20036
202-~~257-2904~~ 294-8857