UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOEL THOMAS HALL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-0970 (RBW) |
| CATHY LANIER *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

In this civil rights action, the plaintiff sues the District of Columbia ("District"), the Metropolitan Police Department ("MPD"), MPD Chief Cathy Lanier and MPD Officers Jose Freeman and Venson Wytch under 42 U.S.C. §§ 1983, 1985, 1986 (1996) and common law.  The plaintiff alleges that between June 2004 and March 2007, MPD officers repeatedly subjected him to "threats of bodily injury, assaults, battery, illegal detainments, illegal searches and seizures and violations of his right to speech."  Amended Complaint ("Am. Compl.") [Dkt. No. 3] at 4, ¶ 11. He seeks monetary damages exceeding $2.5 million.  *Id*. at 74.

Defendant District of Columbia moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for partial judgment on most of the common law claims on the ground that the plaintiff failed to comply with the notice requirement of D.C. Code § 12-309 (2001).[1]  Upon consideration of the District's motion, the plaintiff's opposition and the District's reply, the Court will grant the motion and enter judgment for the District of Columbia on all of the

---

[1] Contrary to the plaintiff's opposition, the defendant has not moved for judgment "as to any federal claim."  Plaintiff's Opposition to Defendant District of Columbia's Motion for Partial Summary Judgment at 1.

common law claims against it, except those based on an incident that allegedly occurred on November 15, 2006.[2]

Under the applicable claim notice provision:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309.  Because the notice statute "constitutes a departure from the common law concept of sovereign immunity[,] [it] is to be strictly construed" against the claimant, and compliance is mandatory.  *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981) (citations omitted); accord *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978) (citing cases).

It is undisputed that the District's Office of Risk Management received on February 2, 2007, the plaintiff's two-page claim notice dated January 30, 2007, for an incident that allegedly occurred in the District on November 15, 2006, at 4th and T Streets, N.E.  Defendant District of Columbia's Motion to Partially Dismiss Plaintiff's Amended Complaint, Exhibit ("Ex.") A; Plaintiff's Opposition to Defendant District of Columbia's Motion for Partial Summary Judgment ("Pl.'s Opp."), Ex. 2.  The plaintiff now proffers a 10-page claim notice dated February 2, 2007, which consists of the foregoing two-page notice and an additional claim notice of

---

[2] "If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Summary judgment is appropriate when no genuine issues of material fact are in dispute and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

incidents that allegedly occurred from "2004 to present" at "various times over a course of years and dates specified below," and at "various places within the District of Columbia as specified below." Pl.'s Opp., Ex. 1 [Dkt. No. 30-2] at 3.[3]

The defendant rightly counters that not only are the alleged claims based on events from June 2004 to July 2006 barred by the six-month limitation period, but those claims that fall within the limitation period lack the requisite specificity of time and place to provide the District with sufficient notice to investigate the claims.[4] Defendant District of Columbia's Reply to Plaintiff's Opposition to the District's Motion to Partially Dismiss Plaintiff's Amended Complaint at 3-5. The plaintiff's notice based on events that allegedly occurred "[o]n several occasions in August of 2006" and an incident "[o]n or about October of 2006," Pl.'s Opp., Ex. 1 at 7-8, fails to satisfy the statutory requirement that the District be provided with the approximate time of an event on which a claim is based. *Cf. Winters v. District of Columbia*, 595 A.2d 960, 961 (D.C. 1991) (finding date given as "on or about March 7, 1984" to be "uncertain"). Moreover, the plaintiff's vague descriptions of the August 2006 incidents as having occurred

---

[3] Presumably, because only the two-page claim notice was attached to the original complaint, and the additional pages appear to be a separate notice altogether, the District states that it "does not concede that [the additional pages were] attached to plaintiff's . . . Notice Letter . . . delivered to the Mayor on February 2, 2007." Defendant District of Columbia's Reply to Plaintiff's Opposition to the District's Motion to Partially Dismiss Plaintiff's Amended Complaint at 2. Given the resolution of the pending motion, the Court will not address the question of whether the plaintiff provided the District with proper notice of the additional claims.

[4] *See Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978) ("The rationale underlying the Section 309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted.")

while he was sitting "in front of the apartment building he lived at" or "in front of his home," Pl.'s Opp., Ex. 1 at 7-8, and of the September 14, 2006 incident as having occurred while he "was talking to a friend who lived on the 300 block of Todd Place, N.E, " *id*. at 8, fail to satisfy the statutory requirement that the District be provided with the approximate place of an event on which a claim is based. *Cf. Winters*, 595 A.2d at 961 (finding location described as "District of Columbia Jail in Lorton, Virginia" too "uncertain, since the D.C. Jail is not located in Lorton, Virginia and there are seven correctional facilities in Lorton") (citation omitted).

Because "the courts are not at liberty to construe [§ 12-309] other than according to its terms, or to depart from its clear requirements . . .[,] the notice is fatally defective if [,as here,] one or more of the statutory elements is lacking." *Boone v. District of Columbia*, 294 F. Supp. 1156, 1157 (D.D.C. 1968) (internal quotation marks and citation omitted); *see Kirkland v. District of Columbia*, 70 F.3d 629, 632 (D.C. Cir. 1993) ("Omitting the place of an alleged injury is fatal under § 12-309 . . . [and] alone would seem to doom [the] claims.") (citations omitted). Accordingly, the Court grants the District of Columbia's motion for partial judgment on the common law claims based on the alleged events preceding the incident that allegedly occurred on November 15, 2006.[5]

                                                          _____s/_____
                                                          Reggie B. Walton
                                                          United States District Judge

Date: October 28, 2008

---

[5] A separate Order accompanies this Memorandum Opinion.