## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| **JOEL THOMAS HALL,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 07-0970 (RBW)** |
|  | ) |
| **CATHY LANIER** *et al.,* | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

_____

### MEMORANDUM OPINION

In this civil rights action, the plaintiff sues the District of Columbia ("District"), the

Metropolitan Police Department ("MPD"), MPD Chief Cathy Lanier and MPD Officers Jose

Freeman, Venson Wytch, Donnay Davis, Raymond Hawkins, Michael Lynch and "[o]ther

[u]nnamed [MPD] [o]fficers" under 42 U.S.C. §§ 1983, 1985, 1986 (1996) and various common

law torts.  The plaintiff alleges that between June 2004 and March 2007, MPD officers

repeatedly subjected him to "threats of bodily injury, assaults, battery, illegal detainments, illegal

searches and seizures and violations of his right to speech[.]"  Second Amended Complaint

("Am. Compl.") [Dkt. No. 40] at 4, ¶ 11.  He seeks monetary damages exceeding $2.5 million.

*Id*. at 73.

Pending before the Court is the "Defendants' Motion to Dismiss Plaintiff's Count VIII,"

based on the alleged unconstitutional denial of medical care [Dkt. No. 48].[1]  The defendants

_____

[1]  The Court assumes, as has the plaintiff, that the defendants are seeking to dismiss the
"Fifth Cause of Action" set forth at section VIII of the complaint.  Am. Compl. at 31.  Hereafter,
the Court will refer to the claim as Count V.  *See Blacks Law Dictionary* 401 (9th ed. 2009)
(defining count "[i]n a complaint or similar pleading [as] the statement of a distinct claim.").
Both counsel are advised that, unlike with *pro se* filings, the Court has no obligation to liberally
construe their submissions and will summarily deny or strike any subsequent filings requiring the
need for such interpretation.

move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for

judgment on the pleadings pursuant to Rule 12(c).  Upon consideration of the allegations in the

complaint, the defendants' motion and the plaintiff's opposition mistakenly arguing against entry

of summary judgment, *see* Plaintiff's Opposition to Defendants' Motion to Dismiss His Denial of

Medical Treatment Claim [Dkt. No. 51] at 2, the Court finds that the plaintiff has failed to state a

constitutional claim and, thus, grants the defendants' motion to dismiss Count V under Rule

12(b)(6).

## I.  FACTUAL BACKGROUND

As to Count V of the amended complaint, the plaintiff alleges the following facts.  On

November 15, 2006, "at approximately 8:50 p.m.," the plaintiff tapped on the door of McKinley

Market at 321 T Street in the northeast quadrant of the District of Columbia "to get the attention

of employees inside[,]" Am. Compl. ¶ 14, as he had done [o]n previous occasions[] when the

store was closed," *id*. ¶ 16.  The plaintiff and the employees of the neighborhood store "had a

friendly relationship" as a result of his near-daily trips to the store to purchase items for himself

and his family.  *Id*. ¶ 15.  On that particular day, however, Officers Wytch, Freeman and Davis

"pulled up in front of the store . . . in a marked MPD vehicle[, and one] of the [officers] flashed a

light into [the plaintiff's] eyes from the marked . . . vehicle."  *Id*. ¶ 17.  The plaintiff "asked that

the light not [be] shined into his eyes and asked the MPD Officers to stop harassing him for no

reason."  *Id*.  After telling the officers that he was going to the store, one officer told him that the

store was closed, but the plaintiff responded that the store did not close until 9:00 p.m.  *Id*. ¶ 18.

In response to the plaintiff's stated "concerns of being harassed" and his accusations of

"continuous violations" of his constitutional and civil rights by "other MPD Officers[]," one

2

officer "responded, 'Oh, you have an attitude.' " *Id*. ¶ 19. The officers then "jumped out [of] their vehicles and rushed very fast towards [the plaintiff] with one of [the officers] pointing a gun at [him] [] and one ask[ing] . . . [whether the plaintiff had] anything on him they needed to know about," to which the plaintiff "responded 'No.' " *Id*. ¶ 20. When the plaintiff became confused over the officers' "inconsistent commands," the officers "jumped on [his] back . . . and attacked him." *Id*. ¶ 21. While restraining the plaintiff, the officers threw him to the ground, injured his shoulder, sat on his back, ¶¶ 22-24, and apparently hit him in the back of the head, "which forced his skull to hit the concrete alley pavement" twice, "knocking him unconscious for a few seconds," *id*. ¶ 25. Eventually, the officers "arrested" the plaintiff at the scene, *id*. ¶ 31, but later released him from their custody, *id*. ¶ 36, and the plaintiff went home, *id*. ¶ 37. The plaintiff "suffered injuries to his forehead, head, scalp, neck, face, shoulder, one [knee], one [ankle], and his elbows. . . ." *Id*. ¶ 39. Prior to his release from police custody, the plaintiff declined the officers' offer to go to the hospital "because at that time he did not know and was not aware of the damages done. . . ." *Id*. ¶ 36. The plaintiff later went to the Fifth District Police Headquarters to file a complaint against the officers. *Id*. ¶ 37. While there, he "felt so faint that he asked to be taken to a hospital" and was taken by ambulance to the Emergency Department at Providence Hospital in the District of Columbia, *id*. ¶ 38, where he was later diagnosed "with having a contusion of the head, scalp, face and neck," *id*. ¶ 39.

The plaintiff claims that Officers Freeman, Wytch and Davis denied him medical care for the injuries he sustained during his encounter with them, in violation of the Fifth Amendment's due process clause. Am. Compl. at 31 & ¶¶ 84-87. He seeks to hold the District and Chief Lanier liable for their alleged failure to properly train and supervise the offending officers. *Id*. ¶¶ 90-91.

## II.  DISCUSSION

The analysis for a motion under Rule 12(c) for judgment on the pleadings is essentially the same as that for a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Plain v. AT & T Corp.*, 424 F. Supp. 2d 11, 20 n.11 (D.D.C. 2006).  A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the claim.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007).  "Although detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds of entitlement to relief, a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action."  *Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 27 (D.D.C. 2007) (internal quotation marks omitted) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).  Thus, "[t]he complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Hinson*, 521 F.Supp.2d at 27 (alteration in original) (internal quotation marks omitted) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Although the plaintiff admits that he refused the officer's request to go to a hospital, he contends that "[o]nce one of the [officers] knocked [him] unconscious they had an immediate duty to immediately call an ambulance and properly seek medical treatment. . . ."  Am. Compl. ¶ 86.  The plaintiff also contends that his "clearly visible injuries to his bleeding forehead" warranted such action.  *Id*. ¶ 85.  These assertions, at most, suggest negligence, *see Smith v. Hope Villiage, Inc.*, 481 F. Supp. 2d 172, 184-85 (D.D.C. 2007) (discussing negligence), not a constitutional violation.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process

4

Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *cf. Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind,' " in violation of the Eighth Amendment). Moreover, as discussed next, the plaintiff's alleged facts belie any claim of constitutional dimension.

"The Due Process Clause . . . does require the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police," *Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983), but the right to medical care can be waived by a competent person. *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990) ("The principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions."). By his own account, the plaintiff was only "unconscious for a few seconds," Am. Compl. ¶ 25, subsequently conversed with officers at the scene "for at least ten to fifteen minutes," *id* ¶ 36, "informed [the officers] that he was going to get an attorney and . . . do something about their illegal actions and . . . did not want to speak with them," *id*. ¶ 32, and "replied [to the officers' inquiry] that he did not" want to go to the hospital, *id* ¶ 36. In addition, the plaintiff was able to go home, converse with a friend and travel to the Fifth District Police Headquarters "to make a complaint." *Id*. ¶ 37.

The foregoing facts do not establish the government's "denial" of medical treatment but rather establish the plaintiff's knowing refusal of it. Accordingly, the Court grants the

defendants' motion to dismiss Count V of the amended complaint--unconstitutional denial of

medical care--under Fed. R. Civ. P. 12(b)(6).[2]

_____s/_____
Reggie B. Walton

Date: December 2, 2009                              United States District Judge

---

[2]   A separate Order accompanies this Memorandum Opinion.