UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL THOMAS HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0970 (RBW) |
| | ) |
| CATHY LANIER *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

In this civil rights action, the plaintiff sues the District of Columbia ("District"), the Metropolitan Police Department ("MPD"), MPD Chief Cathy Lanier and MPD Officers Jose Freeman, Venson Wytch, Donnay Davis, Raymond Hawkins, Michael Lynch and "[o]ther [u]nnamed [MPD] [o]fficers" under 42 U.S.C. §§ 1983, 1985(3), 1986 (1996) and various common law torts. The plaintiff alleges that between June 2004 and March 2007, MPD officers repeatedly subjected him to "threats of bodily injury, assaults, battery, illegal detainments, illegal searches and seizures and violations of his right to speech[.]" Second Amended Complaint ("Am. Compl.") [Dkt. No. 40] at 4, ¶ 11. He seeks monetary damages exceeding $2.5 million. *Id.* at 73.

Pending before the Court is Defendant Donnay Davis's Motion to Partially Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. No. 55]. This defendant asserts that most of the common law tort claims against him are barred by the statute of limitations, that the plaintiff has failed to state a negligence claim against him, and that the allegations fail to comport with Federal Rule of Civil Procedure 9(f) concerning time and place of the alleged misdeeds. Upon consideration of the allegations in the complaint, Davis's motion and reply [Dkt. No. 59] and the plaintiff's opposition [Dkt. No. 58], the Court will grant Defendant Davis's motion for partial dismissal.

# I. FACTUAL BACKGROUND

The facts applicable to Defendant Davis as alleged by the plaintiff are as follows. On November 15, 2006, "at approximately 8:50 p.m.," the plaintiff tapped on the door of McKinley Market at 321 T Street in the northeast quadrant of the District of Columbia "to get the attention of employees inside[,]" Am. Compl. ¶ 14, as he had done "[o]n previous occasions[] when the store was closed," *id*. ¶ 16. The plaintiff and the employees of the neighborhood store "had a friendly relationship" as a result of his near-daily trips to the store to purchase items for himself and his family. *Id*. ¶ 15. On that particular day, however, Officers Wytch, Freeman and Davis "pulled up in front of the store . . . in a marked MPD vehicle[, and one] of the [officers] flashed a light into [the plaintiff's] eyes from the marked . . . vehicle." *Id*. ¶ 17. The plaintiff "asked that the light not [be] shined into his eyes and asked the MPD Officers to stop harassing him for no reason." *Id*. After telling the officers that he was going to the store, one officer told him that the store was closed, but the plaintiff responded that the store did not close until 9:00 p.m. *Id*. ¶ 18.

In response to the plaintiff's stated "concerns of being harassed" and his accusations of "continuous violations" of his constitutional and civil rights by "other MPD Officers[]," one officer "responded, 'Oh, you have an attitude.' " *Id*. ¶ 19. The officers then "jumped out [of] their vehicles and rushed very fast towards [the plaintiff] with one of [the officers] pointing a gun at [him] and one ask[ing] . . . [whether the plaintiff had] anything on him they needed to know about," to which the plaintiff "responded 'No.' " *Id*. ¶ 20. When the plaintiff became confused over the officers' "inconsistent commands," the officers "jumped on [his] back . . . and attacked him." *Id*. ¶ 21. While restraining the plaintiff, the officers threw him to the ground, injured his shoulder, sat on his back, ¶¶ 22-24, and apparently hit him on the back of the head, "which

forced his skull to hit the concrete alley pavement" twice, "knocking him unconscious for a few seconds," *id*. ¶ 25. Eventually, the officers "arrested" the plaintiff at the scene, *id*. ¶ 31, but later released him from their custody, *id*. ¶ 36, and the plaintiff went home, *id*. ¶ 37. The plaintiff "suffered injuries to his forehead, head, scalp, neck, face, shoulder, one [knee], one [ankle], and his elbows. . . ." *Id*. ¶ 39. Prior to his release from police custody, the plaintiff declined the officers' offer to go to the hospital "because at that time he did not know and was not aware of the damages done. . . ." *Id*. ¶ 36. The plaintiff later went to the Fifth District Police Headquarters to file a complaint against the officers. *Id*. ¶ 37. While there, he "felt so faint that he asked to be taken to a hospital" and was taken by ambulance to the Emergency Department at Providence Hospital in the District of Columbia, *id*. ¶ 38, where he was later diagnosed "with having a contusion of the head, scalp, face and neck," *id*. ¶ 39.

The plaintiff claims that Officers Freeman, Wytch and Davis collectively denied him medical care for the injuries he sustained during his encounter with them, in violation of the Fifth Amendment's due process clause.[1] Am. Compl. ¶¶ 84-87. The plaintiff also presents claims of assault, battery, negligence, false arrest, defamation, libel and slander, and intentional infliction of emotional distress against those officers. *See id*. ¶¶ 157, 165-66, 172-74, 196-97, 206-07, 217-21. In the second amended complaint filed on May 1, 2009, the plaintiff added Davis as a defendant to this action initially filed on May 24, 2007.[2]

---

[1] *See* Order and accompanying Memorandum Opinion of December 2, 2009 [Dkt. Nos. 56, 57] (dismissing claim based on the unconstitutional denial of medical care).

[2] Because Davis is implicated only in the events of November 15, 2006, the Court finds no merit to his argument that the complaint against him is deficient under Fed. R. Civ. P. 9(f) as to time and place.

## II. DISCUSSION

1. The Statute of Limitations

Davis argues that the plaintiff's claims of Assault (Count XIII), Battery (Count XIV), False Arrest (Count XVII), Defamation, Libel and Slander (Count XVIII), and Intentional Infliction of Emotional Distress (Count XIX) are barred by the District of Columbia's one-year statute of limitations set forth at D.C. Code § 12-301. Memorandum of Points and Authorities in Support of Defendant Donnay Davis' Motion to Partially Dismiss ("Def.'s Mem.") at 3-4. The plaintiff does not dispute that he had until November 15, 2007, one year from the arrest date of November 15, 2006, to file those claims against Davis, but he argues that the time for filing them should be equitably tolled under the doctrine of "lulling." *See* Plaintiff's Opposition to Defendant Donnay Davis' Motion to Partially Dismiss with Incorporated Memorandum of Points and Authorities ("Pl.'s Opp'n") at 2. It is a well-established principle of law that "[a] defendant who engages in 'inequitable conduct' can be equitably estopped from invoking the statute of limitations." *Jankovic v. Int'l Crisis Group*, 494 F.3d 1080, 1086 (D.C. Cir. 2007) (quoting *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 278 (D.C. Cir. 2003)). "Similar to equitable estoppel, the doctrine of lulling applies when the defendant 'ha[s] done something that amounted to an affirmative inducement to plaintiffs to delay bringing action[.]' " *Id*. at 1087 (quoting *Bailey v. Greenberg*, 516 A.2d 934, 937 (D.C. 1986)) (other citation omitted; alteration in original); *see Monroe v. Williams*, 705 F. Supp. 621, 626 (D.D.C. 1988) ("It is clear from the case law that defendant must have somehow acted *affirmatively* to prevent plaintiff from filing his lawsuit.") (emphasis in original).

The plaintiff argues that "[t]he lulling doctrine is available . . . because of the specific acts by the defendant was [sic] directed to conceal his identity to prevent the plaintiff from filing any

cause of actions [sic] against him." Pl.'s Opp'n at 3. Even if true, such conduct does not constitute an "affirmative inducement[;]" thus, the "doctrine of lulling is unavailing." *Jankovic*, 494 F.3d at 1087; *see id.* (describing such inducement "as when a defendant promises to settle a dispute outside of court") (citations omitted). As the plaintiff acknowledges, *see* Pl.'s Opp'n at 2, District of Columbia law does not permit a party's concealment of his identity to serve as a basis for equitable estoppel. *See Jankovic,* 494 F.3d 1086 (stating that "the *Chappelle* rule remains the law of the District of Columbia") (citing *Chappelle's Estate v. Sanders*, 442 A.2d 157, 158-59 (D.C. 1982) (holding that the concealment of one's identity does not toll the running of the statute of limitations). Therefore, the Court grants Defendant Davis's motion to dismiss the aforementioned common law claims as time-barred.

    2. <u>Failure to State a Claim of Negligence</u>

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the facts as alleged by the plaintiff to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007) (citations omitted). "Although detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds of entitlement to relief, a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 27 (D.D.C. 2007) (internal quotation marks omitted) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Thus, "[t]he complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Hinson*, 521 F. Supp. 2d at 27 (alteration in original) (internal quotation marks omitted) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

In support of his negligence claim, the plaintiff alleges that Davis, along with Wytch and Freeman, "caused [him] to suffer injuries to his forehead, head, scalp, face, neck, back, ankles, knees, wrists and shoulder on November 15, 2006," Am. Compl. ¶ 172, when they "grabbed [him] and threw him on a concrete alley pavement on the ground, *id*. ¶ 173, and that Davis and the other officers breached their "duty to exercise reasonable care in the arrest and detention of the Plaintiff to ensure that he was not subjected to injuries," *id*. ¶ 172. The plaintiff contends in conjunction with pleading his negligence claim that those same acts were also "intentional, reckless, and malicious breach of duty. . . ." *Id*. ¶ 175. The defendant argues that because the alleged facts are indistinguishable from those supporting the assault and battery claims, the negligence claim must be dismissed. *See* Def.'s Mem. at 5-6 (citing *Maddox v. Bano*, 422 A.2d 763, 764-65 (D.C. 1980) and *District of Columbia v. Chinn*, 839 A.2d 701, 711 (D.C. 2003)). As discussed next, the Court finds *Chinn* to be dispositive of the plaintiff's negligence claim against Davis.[3]

While acknowledging that "[a]n individual who has been injured by a District police officer may sue under one or more common law theories of legal liability such as assault and battery or negligence," *id*. at 705, the District of Columbia Court of Appeals explained in *Chinn* that "if, in a case involving the intentional use of force by police officers, a negligence count is to

---

[3] "[T]he substantive tort law of the District of Columbia controls" the plaintiff's negligence claim. *Smith v. Hope Village, Inc.*, 481 F. Supp. 2d 172, 184 (D.D.C. 2007) (internal quotation marks and citation omitted). "[T]o establish negligence [in the District of Columbia,] a plaintiff must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Id* (alterations in original) (internal quotation marks and citation omitted).

be submitted to a jury, that negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care," *id*. at 711. That court therefore found that allegations that officers used " 'unnecessary and wanton severity while arresting Plaintiff[,]' . . . 'breached their duty as they were negligent in their excessive use of force' and 'knowingly and maliciously acted in manner that would cause injury to Plaintiff's person' " failed to state a claim "separate and distinct from the alleged battery . . . ." *Id*.; *see Stewart-Veal v. District of Columbia*, 896 A.2d 232, 235 (D.C. 2006) (affirming dismissal of negligence claim "based on the [intentional] actions of the arresting officers, and not on the alleged negligence of their superiors."). Likewise, the allegations of the complaint against Davis "do not reflect negligence, but rather an intentional tort with a conclusory allegation of negligence." *Id*. (citation omitted); *see Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000) (stating "it is settled that a person cannot negligently commit an intentional tort."); *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997) (observing that "[n]othing in the case law [addressing excessive force claims] even hints at an element of negligence, or a tort distinct from assault and battery."); *accord Austin v. District of Columbia*, No. 05-2219 (JDB), 2007 WL 1404444, at *6 n.4 (D.D.C., May 11, 2007) (citing cases in this Court, except for one, applying "the *Chinn* framework in excessive-force cases [and concluding] that the plaintiffs' negligence claims could not be submitted to the jury."); *Harrison v. District of Columbia*, Civil Action No. 00-3008 (RBW) at *7 (D.D.C. filed Mar. 31, 2004) (concluding that "because the gravamen of the claim is that the police officers intentionally used excessive force against plaintiffs, the negligence claim must be dismissed as the intentional use of excessive force component of the claim is subsumed with the assault and battery claim.")[4]

---

[4] The plaintiff's strained attempt to resurrect the negligence claim in his opposition by
(continued...)

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Davis's motion to dismiss the common law tort claims as time-barred and the negligence claim for failure to state a claim.[5]

_____s/_____
Reggie B. Walton
United States District Judge

Date: April 22, 2010

---

[4](...continued)
arguing that Davis deviated from what seems to be a generalized standard of care in approaching citizens, *see* Pl.'s Opp'n at 11-13, not only fails to state the elements of a negligence claim set forth at note 3, but it also presents the type of "labels and conclusions" the Supreme Court instructed against accepting when considering a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555.

[5] A separate Order accompanies this Memorandum Opinion.