UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOEL THOMAS HALL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0970 (RBW) |
| CATHY LANIER *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In this civil rights action, the plaintiff sues the District of Columbia ("District"), the Metropolitan Police Department ("MPD"), MPD Chief Cathy Lanier and MPD Officers Jose Freeman, Venson Wytch, Donnay Davis,[1] Raymond Hawkins, Michael Lynch and "[o]ther [u]nnamed [MPD] [o]fficers" under 42 U.S.C. §§ 1983, 1985(3), 1986 (2006) and for various common law torts. The plaintiff alleges that between June 2004 and March 2007, MPD officers "repeatedly subjected [him] to . . . threats of bodily injury, assaults, battery, illegal detainments, illegal searches and seizures and violations of his right to speech[.]" Second Amended Complaint ("Am. Compl.") [Dkt. No. 40] ¶ 11. He seeks monetary damages exceeding $2.5 million. *Id*. at 73.

Pending before the Court is the "Defendants' Motion to Partially Dismiss the Amended Complaint" ("Mot.") [Dkt. No. 66], as to Counts 1, 2, 3, 4, 6, 7, 9 and 15.[2] In addition, the

---

[1] The Court granted Defendant Davis' motion to dismiss by Order of April 22, 2010 [Dkt. No. 63].

[2] As will become apparent, the defendants have mistakenly identified the defamation claim they seek to dismiss as Count 14. Count 14 for False Arrest, *see* Second Amended Complaint at 60, is not challenged in the pending motion to dismiss.

defendants move to dismiss the claims against Chief Lanier for conduct preceding January 2, 2007, and those against her in her official capacity. Mot. at 1. Upon consideration of the allegations in the amended complaint, the defendants' motion to dismiss and the plaintiff's opposition, the Court will grant the defendants' motion to dismiss the claims against Lanier and all of the aforementioned counts of the complaint, except Count 7, which survives the defendants' motion.

## I. FACTUAL BACKGROUND

The events giving rise to this action are alleged by the plaintiff as follows. On November 15, 2006, "at approximately 8:50 p.m.," the plaintiff tapped on the door of the McKinley Market located at 321 T Street in the Northeast quadrant of the District of Columbia "to get the attention of employees inside[,]" Am. Compl. ¶ 14, as he had done "[o]n previous occasions[] when the store was closed," *id*. ¶ 16. The plaintiff and the employees of the neighborhood store "had a friendly relationship" as a result of his near-daily trips to the store to purchase items for himself and his family. *Id*. ¶ 15. On the particular day when the events that are the subject of this case occurred, however, Officers Wytch, Freeman and Davis "pulled up in front of the store . . . in a marked MPD vehicle[,] and [o]ne of the . . . [o]fficers flashed a light into [the plaintiff's] eyes from the marked . . . vehicle." *Id*. ¶ 17. The plaintiff "asked that the light not [be] shined into his eyes and asked the MPD Officers to stop harassing him for no reason." *Id*. After telling the officers that he was going to the store, one officer told him that the store was closed, but the plaintiff responded that the store did not close until 9:00 p.m. *Id*. ¶ 18.

In response to the plaintiff's stated "concerns of being harassed" and his accusations of "continuous violations of his . . . constitutional" and statutory civil rights by "other MPD

2

Officers[]," one officer "responded, 'Oh, you have an attitude.' " *Id*. ¶ 19. The officers then "jumped out [of] their vehicles and rushed very fast towards [the plaintiff] with one of [the officers] pointing a gun at [him] [] and one ask[ing] . . . [whether the plaintiff had] anything on him they needed to know about," to which the plaintiff "responded 'No.' " *Id*. ¶ 20. When the plaintiff became confused over the officers' "inconsistent commands," the officers "jumped on [his] back . . . and attacked him." *Id*. ¶ 21. While restraining the plaintiff, the officers threw him to the ground, injured his shoulder, sat on his back, *id*. ¶¶ 22-24, and apparently hit him in the back of the head, "which forced his skull to hit the concrete alley pavement" twice, "knocking him unconscious for a few seconds," *id*. ¶ 25. Eventually, the officers "arrested" the plaintiff at the scene, *id*. ¶ 31, but later released him from their custody, *id*. ¶ 36, and the plaintiff went home, *id*. ¶ 37. The plaintiff "suffered injuries to his forehead, head, scalp, neck, face, shoulder, one [knee], one [ankle], and . . . elbows . . . ." *Id*. ¶ 39. Prior to his release from police custody, the plaintiff declined the officers' offer to go to the hospital "because at that time he did not know and was not aware of the damages done . . . ." *Id*. ¶ 36. The plaintiff later went to the Fifth District Police Headquarters to file a complaint against the officers. *Id*. ¶ 37. While there, he "felt so faint that he asked to be taken to a hospital" and was taken by ambulance to the Emergency Department at Providence Hospital in the District of Columbia, *id*. ¶ 38, where he was later diagnosed "with having . . . contusion[s] of the head, scalp, face and neck," *id*. ¶ 39.

The plaintiff alleges that "[a]s a result of the injuries [he] suffered on November 15, 2006, by the use of force by the MPD Officers," he has "reoccuring [sic] headaches, twitches consisting of involuntarily [sic] head jerks, dizziness, [] frequent blurred vision" and "early signs of depression." *Id*. ¶ 40. The plaintiff also claims that "[a]s a result of several MPD Officers['] intentional, reckless, and malicious disregard for [his] rights from June of 2004 to March of

2007," he has been deprived of his rights under the Constitution, District of Columbia law and common law. *Id.* ¶ 41.

The challenged counts of the amended complaint are captioned as follows: <u>Count 1</u> "Civil Rights Claims Under Act, 42 U.S.C. § 1983[,] Fifth Amendment Violations[,] Discriminated [o]n [t]he Basis of His Sex and Race in Violation of the Equal Protection Clause"; <u>Count 2</u> "Civil Rights Claims Under 42 U.S.C. § 1985(3)"; <u>Count 3</u> "Civil Rights Claims Under 42 U.S.C. § 1983[,] Violations of Right [t]o Liberty [U]nder Due Process [o]f Law in Violation of the Fifth Amendment"; <u>Count 4</u> "Civil Rights Claims Under 42 U.S.C. § 1983[,] Violations of Right [t]o Property Under Due Process of Law in Violation of the Fifth Amendment"; <u>Count 6</u> "Civil Rights Claims Under 42 U.S.C. § 1983[,] Violation of the Prohibition [A]gainst Punishment [W]ithout Due Process of the Law in Violation of the Fifth Amendment"; <u>Count 7</u> "Civil Rights Claims Under 42 U.S.C. § 1983[,] First Amendment Violations"; <u>Count 9</u> "Civil Rights Claims Under 42 U.S.C. § 1983[,] Retaliation [f]or Exerting Lawful [a]nd Constitutional Rights in Violation of the Fifth Amendment"; and <u>Count 15</u> "Defamation, Libel and Slander." Am. Compl. at 11, 24, 27-28, 29, 35, 37, 45, 63.

## II. DISCUSSION

The defendants move for dismissal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Mot. at 1. The analysis for a motion under Rule 12(c) for judgment on the pleadings is essentially the same as that for a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Plain v. AT & T Corp.*, 424 F. Supp. 2d 11, 20 n.11 (D.D.C. 2006). A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support

4

the claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007). "Although detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds of entitlement to relief, a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 27 (D.D.C. 2007) (internal quotation marks omitted) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Thus, "[t]he complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Hinson*, 521 F. Supp.2d at 27 (alteration in original) (internal quotation marks omitted) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

1. The Claims Against Lanier

The plaintiff agrees that Chief Lanier should be dismissed from the case. Plaintiff's Response to Defendant's [sic] Partial Motion to Dismiss the Amended Complaint ("Opp'n") [Dkt. No. 69] at 2 ¶ 5. As to this defendant, then, the Court will grant the motion to dismiss as conceded.

2. The Equal Protection Claims (Counts 1, 2)

In Count 1 of the amended complaint, the plaintiff claims that he was discriminated against on the basis of his sex and race in violation of the equal protection clause, Am. Compl. at 11, and in Count 2, he claims that Officers Wytch, Freeman and Davis "conspired to deny [him] equal protection of the laws . . . ," in violation of 42 U.S.C. § 1985(3), *id*. ¶ 54. The defendants challenge the conspiracy claim pled in Count 2, *see* Memorandum of Points and Authority in Support of Defendants' Motion to Partially Dismiss the Amended Complaint ("Mem.") at 6-7, but not the equal protection claim pled in Count 1, which the plaintiff has properly brought against the District of Columbia defendants under the Fifth Amendment's due process clause.

5

*See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) ("The Fifth Amendment, which is applicable in the District of Columbia, does not contain an equal protection clause as does the Fourteenth Amendment which applies only to the states. . . . But, as this Court has recognized, discrimination may be so unjustifiable as to be violative of due process.") (footnote omitted). The Court, however, is required to dismiss a claim "at anytime [it] determines that . . . [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (2006); *see Simpkins v. District of Columbia*, 108 F.3d 366, 370 (D.C. Cir. 1997) (acknowledging "the duty of the lower federal courts to stop insubstantial *Bivens* actions in their tracks and get rid of them.") (citing cases).[3]

The plaintiff's equal protection and conspiracy claims fail because he has not alleged any facts establishing that the defendants were motivated by either his gender or his race. *See Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948-49 (2009) ("Where the claim is invidious discrimination in contravention of the First and Fifth Amendments, our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose . . . . Under extant precedent[,] purposeful discrimination requires more than "intent as volition or intent as awareness of consequences." . . . It instead involves a decisionmaker's undertaking a course of action " 'because of,' not merely 'in spite of,' [the action's] adverse effects upon an identifiable group.") (quotation marks in original) (citations omitted); *United Bhd. of Carpenters & Joiners of America v. Scott*, 463 U.S. 825, 834 (1983) (finding "§ 1985(3)'s requirement that there must be 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus

---

[3] *See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391-97 (1971) (creating private cause of action against federal officials for violations of constitutional rights); *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948 (2009) (recognizing *Bivens* action as "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983) (citations and internal quotation marks omitted).

behind the conspirators' action' [] not satisfied in this case.") (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *accord Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 688 (D.C. Cir. 2009). Therefore, the Court, acting *sua sponte*, will dismiss the plaintiff's Fifth Amendment equal protection claim pursuant to 28 U.S.C. § 1915(e) and will grant the defendants' motion to dismiss the § 1985 conspiracy claim.

      3. <u>The Due Process Claims (Counts 3, 4, 6, 9)</u>

The defendants argue correctly that the plaintiff's claims of excessive force brought under the Fifth Amendment's due process clause "must be dismissed because such claims must be brought under the Fourth Amendment's 'objective reasonableness' standard." Mem. at 3; *see Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[W]e . . . hold that *all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.") (emphasis and quotation marks in original) (footnote omitted); *accord Johnson v. Quander*, 370 F. Supp. 2d 79, 90 (D.D.C. 2005) (dismissing "substantive due process claim" where "the plaintiff's claim [was] covered by the Fourth Amendment.") (citation omitted). The Court therefore will grant the defendants' motion to dismiss Counts 3, 4, 6 and 9 of the amended complaint, all of which are subsumed within the remaining Fourth Amendment claim (Count 8).[4]

---

    [4] To the extent that Count 4, predicated on the plaintiff's alleged deprivation of property during the course of the stop, is viewed as a claim separate from the excessive force claim, "the consensus of the circuits is that such procedural due process cases are governed by *Parratt*, and that no cognizable constitutional claim can be stated where adequate post-deprivation state remedies are available." *Rice v. District of Columbia*, 715 F. Supp. 2d 127, 133 (D.D.C. 2010) (quoting *Crawford v. Parron*, 709 F. Supp. 234, 237 (D.D.C. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

7

4. The First Amendment Claim (Count 7)

In *Graham*, the Supreme Court reasoned that "[b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." 490 U.S. at 395 (footnote omitted). The defendants suggest that this rationale is equally applicable to the plaintiff's First Amendment claim. *See* Mem. at 5 ("Just as plaintiff cannot claim a more generalized notion of substantive due process in this matter, [he] also cannot claim a violation under a more generalized, and possibly incorrect, notion of free speech."). They assert *sans* authority or cogent argument that the "First Amendment violation claim fails as a matter of law." *Id*. at 5-6. But the First Amendment's free speech clause also "provides an explicit textual source of constitutional protection," *Graham*, 490 U.S. at 395, namely, a proscription against the government's suppression of speech. *See City of Houston v. Hill*, 482 U.S. 451, 461 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."). Therefore, the plaintiff is not foreclosed under *Graham* from bringing a separate First Amendment claim.

The defendants argue erroneously that the First Amendment claim should be dismissed because the plaintiff "fails to allege that he was prevented from speaking." Mem. at 4. In the amended complaint, the plaintiff alleges that "[o]n various dates from June of 2004 to March 2007, members of the MPD . . . violated [his] First Amendment Right to free speech when he was told by several MPD Officers that if he did not refrain from talking he would be arrested for no legal reason and when he was compelled to speak" by MPD officers. Am. Compl. ¶ 112; *see id*. ¶¶ 113-124 (recounting alleged incidents where the plaintiff's speech was either "chilled" or

"compelled"). These factual allegations are sufficient to state a claim under the First Amendment. *See City of Houston*, 492 U.S. at 462-63 ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.") (footnote omitted); *Enlow v. Tishomingo County*, 962 F.2d 501, 509 (5th Cir. 1992) (finding "allegations . . . sufficient to state a cognizable First Amendment claim since [] speech [during] arrest fail[ed] to rise above 'inconvenience, annoyance, [] unrest' . . . or constitute an incitement to immediate lawless action.") (quoting *Terminiello v. City of Chicago*, 337 U.S. 1, 4 (1949)). Because the Court cannot conclude at the pleading stage that the plaintiff can prove no facts in support of his First Amendment claim, it must deny the defendants' motion to dismiss Count 7 of the amended complaint.

     5. <u>The Defamation Claim (Count 15)</u>

In Count 15 of the amended complaint, the plaintiff alleges that he was defamed on July 20, 2006, by an unknown MPD officer, and on November 15, 2006, by Officers Wytch, Freeman and Davis. Am. Compl. ¶¶ 204-207. The defendants argue for dismissal of the claim on its merits, *see* Mem. at 8-10, but the Court has in effect already disposed of this claim.

By Order of October 28, 2008, the Court granted partial summary judgment to the District of Columbia on all of the plaintiff's common law claims, except those based on the November 15 incident. *See* Order [Dkt. No. 36]; Memorandum Opinion [Dkt. No. 37] at 3 ("The defendant rightly counters that not only are the alleged [common law] claims based on events from June 2004 to July 2006 barred by the six-month limitation period [of D.C. Code § 12-309], but those claims that fall within the limitation period lack the requisite specificity of time and place to provide the District with sufficient notice to investigate the claims."). In addition, by Order of

April 22, 2010, the Court granted Davis' motion for partial dismissal of the complaint. *See* Order [Dkt. No. 63]. In the accompanying Memorandum Opinion ("Mem. Op.") [Dkt. No. 64], the Court found that most of the plaintiff's common law claims against Davis, including this defamation claim, were barred by the District of Columbia's one-year statute of limitations. Mem. Op. at 4-5. The Court therefore will dismiss Count 15 of the amended complaint for the reasons stated in the previously issued memorandum opinions of October 28, 2008, and April 22, 2010.

### III. CONCLUSION

For the foregoing reasons, the Court grants the defendants' motion to dismiss all of the claims of the amended complaint against Chief Lanier and Counts 1, 2, 3, 4, 6, 9 and 15 pled in the amended complaint against the other defendants. The Court denies the defendants' motion to dismiss Count 7 of the amended complaint.[5]

_____s/_____
Reggie B. Walton
United States District Judge

Date: February 23, 2011

---

[5] A separate Order accompanies this Memorandum Opinion.